Claudia Mae Hall CARTER, Appellant,

v.

Robert Donald HALL, Appellee.

No. 18221.

Court of Civil Appeals of Texas, Fort Worth.

Oct. 11, 1979.

Rehearing Denied Nov. 15, 1979.

Hall, Laden & Jacobs and William T. Hall, Austin, for appellant.

King & Massey and Marion L. Massey, Fort Worth, for appellee.

## OPINION

HUGHES, Justice.

Claudia Mae Hall Carter has appealed the judgment of trial court modifying the original divorce decree by ordering her to pay child support. The managing conservator of the children is Robert Donald Hall, their father, and petitioner in the trial court in this suit.

We affirm.

Trial court heard the case on April 3, 1979, without a jury, and found material and substantial changes in the conditions affecting the parties and the children since the original order was entered in 1971. Mrs. Carter was ordered to pay $58.00 per week in child support until the youngest child reaches the age of eighteen years.

Mrs. Carter's points of error all complain of abuse of the trial court's discretion in ordering such payment alleging that:

1. There was no evidence to compare the children's present needs with their needs in 1971. We agree.

2. There was insufficient evidence of material and substantial change in conditions. We do not agree.

3. Trial court's finding of such change was against the great weight and preponderance of the credible testimony. We do not agree.

4. Trial court failed to consider the abilities of the parties to contribute to children's support. We do not agree.

5. Trial court's finding that order was in best interest of children was against great weight and preponderance of credible testimony. We do not agree.

Evidence in the trial shows that: The parties divorced in 1971. Mr. Hall was appointed managing conservator. Mrs. Carter was not required to pay child support.

Both parties have remarried. Mr. Hall's present wife has two children from a prior marriage. Mr. and Mrs. Carter have none living with them.

Hall testified to making $182.00 per week gross ($9,464.00 per year) in 1971 and to a gross in 1978 of $28,780.00 (combined with his wife's income), further that his individual take-home pay in 1978 was $243.46 per week. His wife also receives $100.00 a month in child support. Hall further testified that his monthly expenses are approximately $1600.00 to $1700.00.

Mrs. Carter testified to a 1971 gross wage of $152.00 per week and to a 1979 take-home pay of $160.00 per week, and to a gross income in 1978 of $22,902.00 (combined with her husband). She testified that she has had to take a cut in pay of over $1.00 per hour and so expects to make less in 1979. She stated that she and her husband have $1,138.00 in monthly expenses.

The only item in the record that could be construed as bearing on the evidence of the children's needs in 1971 would be their ages at the time (6 months and 7 years). It has been held that increased age of children by itself will not support a modification of a support order "unless the record contains sufficient evidence from which a comparison can be made between the support needs at the time of the prior order and the current needs of the children". *Bergerac v. Maloney,* 556 S.W.2d 586 (Tex. Civ.App.—Dallas 1977, writ dism'd).

The trial court at the time of the divorce did not order support for the two children. This could not have been because they did not have needs. Judicial notice can be taken that all living human beings have needs. Therefore, the court's failure to order Mrs. Carter to pay any child support must have been based on *her* circumstances at that time—not the children's. The law provides "if the circumstances of the child or *a person affected* by the order or portion of the decree to be modified have materially and substantially changed since the entry of the order or decree . . .", it can be modified. (Emphasis ours.) Tex. Family Code Ann. § 14.08(c)(2) (Supp.1978–79).

No one can argue that Mrs. Carter is *not* a person affected by the order or portion of the decree to be modified. There is ample evidence to show what Mrs. Carter's condition was wage-wise at the time of the divorce ($152.00 average gross pay) and what it was eight years later at the time of the trial ($160.00 per week take-home, $22,902.00 gross including husband's wages). The undisputed testimony shows that at the time of this trial she and her husband had built a home; that they owned two automobiles; that she felt sufficiently affluent to promise her daughter one of those automobiles or to buy her a smaller car. Mrs. Carter even admitted her ability to pay $100.00 a month and that she would be more willing to contribute to the support of her children "if I got a little more out of them then it would be different".

We overrule all of Mrs. Carter's points of error except number one, but because we have held there to be sufficient evidence to support trial court in the matter of change of Mrs. Carter's circumstances, point of error number one is immaterial.

We agree that trial court should have set provisional appellate attorney's fees for both parties with the evidence it had before it. However, that failure does not affect the disposition of this appeal.

Affirmed.

MASSEY, C. J., not participating.