**G. R. HOLT, Appellant,**

v.

**Wanda P. HOLT, Appellee.**

**No. 20692.**

Court of Civil Appeals of Texas, Dallas.

April 29, 1981.

Charles E. Miller, Jr., Mesquite, for appellant.

Tom S. McCorkle, McCorkle, Westerburg & Felton, Dallas, for appellee.

Before ROBERTSON, STOREY and STEPHENS, JJ.

ROBERTSON, Justice.

This is an appeal from the trial court's order increasing monthly child support payments from $125 to $300 on the basis of the increased financial ability of appellant G. R. Holt to pay. Appellant contends that, as a matter of law, his increased financial ability will not, without more, support an order increasing the amount of child support payments under Tex.Fam.Code Ann. § 14.-08(c)(2). We do not agree and affirm.

On October 15, 1976, appellant G. R. Holt and appellee Wanda P. Holt were divorced. Appellant was ordered to pay child support for the parties' minor child in the amount of $125 per month. On April 30, 1980, appellee filed a motion to increase the amount of child support. After a hearing, the court ordered an increase in child support to $300 per month. The evidence showed that appellant's income had increased from approximately $13,000 per year at the time of the divorce to approximately $24,000 for 1980,

and that appellee's income for 1980 was substantially the same as it had been at the time of the divorce. The evidence failed to show what the needs of the child were at the time of the divorce and at the time of the hearing in 1980. The question is whether pleading and proof of the increased income of appellant is sufficient to support an order increasing child support absent proof of a material and substantial change in circumstances with respect to any other party affected by the order.

For an answer to this question, we look to the relevant statute, section 14.-08(c)(2) of the Texas Family Code (Vernon Supp.1980) which provides in pertinent part:

(c) After a hearing, the court may modify an order or portion of a decree that:

. . . .

(2) provides for the support of a child, . . . if the circumstances of the child or a person affected by the order or portion of the decree to be modified have materially and substantially changed since the entry of the order or decree;

. . . .

The primary circumstances to be considered in determining the amount of child support are the ability of the parent or parents, in this case the father, to pay, and the needs of the child. *Cozby v. Cozby*, 597 S.W.2d 808 (Tex.Civ.App.-Tyler 1980, no writ). Our question, then, is whether a material and substantial change in both circumstances, the ability of the parent to contribute and the needs of the child, must be shown, or whether a material and substantial change in only one of the circumstances, the ability of the parent to contribute, is sufficient to justify modifying an order providing for the support of a child. We hold that a material and substantial change in only one circumstance, the ability of the parent to contribute, is sufficient to justify modifying an order providing for the support of a child.

In this connection, we note that we have been cited no case, and have not found one, holding that a material and substantial

change in the financial ability of the parent is not sufficient to justify modifying an order providing for support of a child. Conversely, appellee has cited the case of *Carter v. Hall*, 589 S.W.2d 502 (Tex.Civ.App.-Fort Worth 1979, writ dism'd) in which the court held that a material and substantial change in the parent's financial ability to contribute to the support of the child was sufficient to justify an increase in the amount of support she was required to pay, even in the absence of a change in the needs of the child. Likewise, it has been held that a material and substantial change in the needs of the child justifies an order increasing the amount of child support, even in the absence of a showing of increased financial ability of the parent obligated to pay. *Willis v. Willis*, 425 S.W.2d 696 (Tex.Civ.App.-Houston [1st Dist.] 1968, no writ). In an analogous situation, this court has held that a material and substantial change in the income of the party obligated to pay child support was sufficient to justify an order decreasing the amount of child support payments. *Watkins v. Austin*, 590 S.W.2d 830 (Tex.Civ.App.-Dallas 1979, no writ). Our opinion in *Watkins* does not indicate whether there had been a change in the needs of the children as well as in the financial ability of the obligated. Rather, that opinion shows that only the material and substantial change in the father's financial ability was held to be a material and substantial change of circumstances sufficient to justify modifying the prior support order. If a decrease in the obligated parent's income is sufficient to justify decreasing the amount of child support, a substantial increase in the obligated parent's income is also sufficient to justify increasing the amount of child support.

In support of his position that a change in his financial ability is not, in the absence of a change in the needs of the child, sufficient to justify increasing the amount of child support he is obligated to pay, appellant relies upon this court's opinions in *Bergerac v. Maloney*, 556 S.W.2d 586 (Tex.Civ.App.-Dallas 1977, writ dism'd) and *Moreland v. Moreland*, 589 S.W.2d 828 (Tex.Civ.App.-Dallas 1979, writ dism'd). Appellant's reliance is misplaced. In *Bergerac*, we held that where the alleged change in circumstances is the increased need of the child, the movant has the burden of showing the child's needs at the time of the divorce and at the time of the hearing on the motion to modify so that a comparison can be made. We did not hold in *Bergerac* that in every modification case the needs of the child, at the time of the divorce and at the time of the modification hearing, must be shown. Where the movant does not rely upon a change in the needs of the child, it is not necessary to prove that a change in the needs of the child has occurred. Likewise, in the *Moreland* case the evidence showed that there had been a change in the needs of the children *and* in the financial ability of the custodial parent and thus, we held a material and substantial change in the circumstances of the children or a person affected by the support order had been shown as a matter of law. We did not hold that a material and substantial change in both circumstances was required to justify modifying an order providing for support. Rather, we held that in that case the evidence showed a material and substantial change and thus, it was an abuse of discretion for the trial court to refuse to order an increase in support. The question with which we are presented in this case was not before us in either *Bergerac* or *Moreland*, and therefore, they do not control the disposition of this case.

Because we hold that appellee met her burden of showing a material and substantial change in the circumstances of a party affected by the order providing for support, by showing that appellant's income has increased from $13,000 a year at the time of divorce to $24,000 a year at the time of the modification hearing, we affirm the judgment of the trial court. This opinion, however, should not be interpreted as holding that *any* increase in income is sufficient to justify modifying a prior support order. The evidence in this case shows a substantial increase in appellant's income and indicates that appellant has enjoyed an income at that level for several years.

Affirmed.