**Ronald WILLIAMSON, Appellant,**

v.

**Linda Faye WILLIAMSON, Appellee.**

No. A2742.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 24, 1981.

Burta Rhoads Raborn, Houston, for appellant.

John A. Barker, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and JUNELL and PRICE, JJ.

J. CURTISS BROWN, Chief Justice.

Appeal has been perfected from an order modifying a prior decree requiring payment of child support. Appellant (father) challenges the order of modification as unsupported by required factual findings concerning the child. Appellee (mother) contends that the modification is supported by factual findings concerning both the father and the child. We conclude there was no abuse of discretion and in doing so affirm the order of the trial court.

The child who is the subject of this suit is Ronda Trey Williamson (child). On January 7, 1980, Ronda's mother, Linda Faye Williamson (mother), filed a motion to increase the support payments established by a Decree of Divorce dated August 5, 1974. Ronald Travis Williamson (father), the natural father and Possessory Conservator, answered by general denial. A trial was held before the court on November 10, 1980. On November 19, 1980, the trial court modified its previous order by increasing the father's support obligation to $500.00 per month from $150.00 per month. The father filed a Motion for New Trial on November 25, 1980, which was overruled on December 18, 1980. Father filed a Request for Findings of Fact and Conclusions of Law on December 18, 1980, which were duly made and a Request for Additional Findings of Fact and Conclusions of Law was filed on February 6, 1981. Appeal from the order was then perfected to this Court.

Father brings the following points of error as appellant: (1) the trial court erred in finding that the financial needs of the child have increased since the parties' divorce; (2) the trial court erred in finding that the child support should be increased to $500.00 per month; (3) the trial court erred in not making the requested finding as to no evidence or insufficient evidence of the child's needs in August, 1974; (4) the trial court erred in not making the requested finding as to no evidence or insufficient evidence to support comparison of the child's needs in August, 1974, and at present; (5) the trial

court erred in making the conclusion of law that there has been a material and substantial change of circumstances of the child.

Appellant's points of error 1, 3, 4 and 5 are based on the contention that Tex.Fam. Code Ann. § 14.08(c)(2) (Vernon Supp.1980–1981) is to be interpreted as requiring a finding in this case of materially and substantially changed circumstances of the child for a modification of support payments. The statute provides in pertinent part:

> (c) After a hearing, the court may modify an order or portion of a decree that:
>
> .    .    .    .    .
>
> (2) provides for the support of a child, ... if the circumstances of the child *or a person affected by the order* or portion of the decree to be modified have materially changed since the entry of the order or decree; ... (emphasis added)

In 1975, § 14.08 of the Texas Family Code was rewritten to remedy defects which had become apparent since it was enacted in 1973. One such defect of the section as previously enacted was allowing modification of an order *only* upon a showing that circumstances of the child had materially and substantially changed since the entry of the prior order. The court was not authorized to allow modification upon changed circumstances of the *parents* or *other interested parties*. For this reason, the statute then was too restrictive. Smith, *Parent and Child, The Texas Family Code Symposium Supplement*, 8 Tex.Tech.L.Rev. 19, 85 (1976).

In support of his contention that, even in the face of the rewritten statute, a material change in the circumstances of the *child* must be shown, father cites the following cases: *Bergerac v. Maloney*, 556 S.W.2d 586 (Tex.Civ.App.—Dallas 1977, writ dism'd); *Moreland v. Moreland*, 589 S.W.2d 828 (Tex. Civ.App.—Dallas 1979, writ dism'd); *Watts v. Watts*, 563 S.W.2d 314 (Tex.Civ.App.— Dallas 1978, writ ref'd n. r. e.); *Bagot v. Bagot*, 602 S.W.2d 334 (Tex.Civ.App.—Texarkana 1980, no writ). These cases when considered as authority under the facts before us establish that in determining whether a material change has occurred in the positions of the child, the parents and possibly others, the trial court should examine the circumstances at the time the prior decree was rendered in relation to the circumstances existing at the time the prior order is sought to be modified. This is but the threshold question. According to the statute, if a trial court finds material change has occurred in *either* the needs of the child or the ability of either parent to support the child, then discretion is not abused by modifying the prior order. *Strauss v. Strauss*, 619 S.W.2d 18, (Tex.Civ.App.—Corpus Christi 1981, no writ).

In *Carter v. Hall*, 589 S.W.2d 502 (Tex. Civ.App.—Fort Worth 1979, writ dism'd) the evidence concerning the children was clearly insufficient to sustain a finding of changed circumstances. However, the court modified the original divorce decree to include an order requiring the former wife, Mrs. Carter, to pay child support based on a change in her circumstances. Father would have us distinguish this case from *Carter* because the court there inferred that the reason child support was not originally ordered was due to the circumstances of Mrs. Carter. It could not have been, the court reasoned, because the children had no needs. Furthermore, Mrs. Carter admitted her ability to pay child support on hearing for modification. The distinguishing features put forward by father only go to the evidence considered by the court of civil appeals in holding that the trial court did not abuse its discretion in finding materially changed circumstances of Mrs. Carter and requiring her to pay child support. We are not presented with the same problem.

Quoting from appellant's brief, "There is no dispute that a material and substantial change of circumstances has arisen as to the father since the entry of the prior order." We can thus overrule appellant's points of error 1, 3, 4 and 5 since the admitted change in circumstances of the father would support modification of the order.

Appellant's point of error 2 is also overruled. Each case involving child support must stand on its own facts, and the trial court has broad discretion which will not be disturbed on appeal in the absence of a showing of a clear abuse of discretion. *Grandinetti v. Grandinetti*, 600 S.W.2d 371 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ); *Williams v. Williams*, 596 S.W.2d 245 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). The findings of fact show that at the time of the original order the father, a licensed dentist, had suffered an accidental injury to his hands which prevented him from practicing dentistry or obtaining gainful employment. Since that time, father had continued his education and completed his training to practice orthodontics. Father also had acquired considerable net worth. At the time the order was modified, the father had resumed the private practice of dentistry, specializing in orthodontics, with a wage earning capacity of $3,000.00 per month and certain personal expenses paid through his professional corporation.

The mother testified that the cost of the necessary food, clothing and expenses for her daughter had all increased in the six years since the prior decree. She cited extracurricular activities such as skating, gymnastics and music lessons in which the child had become involved and gave monthly costs. She also testified concerning her current medical bills, insurance payments, and miscellaneous expenditures such as make-up and allowance. Such evidence justifies the increase in child support payments to $500.00 per month. We find no abuse of discretion.

Affirmed.