**Gilbert D. SMITH, Appellant,**

v.

**Rita Suzanne Wade SMITH, Appellee.**

**No. 2–83–007–CV.**

Court of Appeals of Texas,
Fort Worth.

May 19, 1983.

Carl E. Mallory, Arlington, for appellant.

Frederic H. Peterson, Jr., Benbrook, for appellee.

Before HUGHES, JORDAN and BURDOCK, JJ.

## OPINION

BURDOCK, Justice.

Gilbert Davis Smith appeals from an order assessing his former wife, Rita Suzanne Wade Smith, to pay child support payments in the amount of $25.00 per month. Mr. Smith alleges the court abused its discretion in ordering payments far below the former Mrs. Smith's ability to pay.

We reverse and remand.

When Gilbert Smith and his wife, Rita Suzanne Smith were divorced in 1977, there were four children under the age of 18 years. Mrs. Smith was awarded managing conservatorship of the three oldest children and Mr. Smith was awarded managing conservatorship of the parties' youngest child, Davis Wade Smith. Mr. Smith was ordered to pay child support until the youngest child awarded to Mrs. Smith reached the age of 18 years. Mrs. Smith was named possessory conservator of the youngest child, but she was not ordered to pay child support.

After the children for whom Mrs. Smith was the managing conservator had obtained the age of 18, Mr. Smith brought this Motion to Modify the 1977 Divorce Decree requesting that his former wife be ordered to pay child support in some amount which the court finds reasonable and equitable for the benefit of the parties' only under age child.

At the September, 1982, hearing the trial court received evidence on the needs of the child and the parents' ability to pay. After the hearing, the court rendered the order from which this appeal is taken. By the order, Mrs. Smith is ordered to pay $25.00 per month, beginning October 1, 1982, until the child reaches the age of 18 years.

Texas has adopted the Equal Rights Amendment Tex.Const. art. I, § 3a which states:

Equality under the law shall not be denied or abridged because of sex, race, color, creed, or national origin. This amendment is self-operative.

This is in conformity with Tex.Fam.Code Ann. § 4.02 (Supp.1982) which provides:

Each spouse has the duty to support the other spouse, and each parent has the duty to support his or her minor child. A spouse or parent who fails to discharge the duty of support is liable to any person who provides necessaries to those to whom support is owed.

These provisions are followed by ample case law. The familiar rule is that each parent has the duty to support his or her minor children. *Matter of Marriage of Miller*, 600 S.W.2d 386 (Tex.Civ.App.—Amarillo 1980, no writ). Under the record made, Mr. Smith met his legal duty to support his son.

On appeal, Mr. Smith raises five points of error all relating to the amount of child support the trial court assessed Mrs. Smith to pay for the benefit of the parties' minor child. For purposes of this appeal, all points of error will be consolidated for disposition.

The question is whether the record shows, as Mr. Smith contends, that the court abused its discretion in fixing the amounts to be contributed by Mrs. Smith. At the time of the hearing to modify the Divorce Decree, Mr. Smith was a practicing attorney who earned approximately $4,000.00 a month from his law practice and $1,597.24 a month for the last nine months as a college professor. Smith has also remarried and his present wife makes $793.00 per month. On cross-examination Smith testified that at the time of the divorce he was making approximately $2,000.00 per month.

The record reflects that Mrs. Smith, at the time of the hearing, was employed as a security guard and had a gross monthly income of $2,248.00 a month. Mrs. Smith further testified that at the time of the divorce she made approximately $14,000.00 per year and her annual salary at the time of the hearing was $25,000.00 per year. Mrs. Smith also had a part-time job paying approximately $200.00 per month or $2,400.00 per year which she quit shortly before the hearing.

It would appear from a reading of the record that both Smith's have many financial obligations including business expenses, house payments and payments for multiple automobiles, all of which have been acquired since the date of their divorce. Although Mrs. Smith had not attempted to see her son since he was eleven years old, she believed he was well provided for by her exhusband. Mrs. Smith testified she felt no need to provide child support for her son.

Mr. Smith and his present wife testified that the child was a 17 year old senior in high school and that he was provided with an automobile and insurance. The child's eating habits are consistent with most 17 year old boys. The child's health is normal although he visits an orthodontist on a regular basis.

As a general rule, the court abuses its discretion in ordering the payment of more child support than the parent can reasonably afford. *Krempp v. Krempp,* 590 S.W.2d 229 (Tex.Civ.App.—Fort Worth 1979, no writ). We find no cases that establish a minimum dollar amount of child support. There are very few cases dealing with the subject of child support that mothers should pay. Therefore, we must conclude that the Texas Family Code and case law should apply to men and women alike and confer equal rights and equal obligations.

In view of this determination we adopt the proposition of *Strauss v. Strauss,* 619 S.W.2d 18, 19 (Tex.Civ.App.—Corpus Christi 1981, no writ) in that:

> Each parent should support the child commensurate with his or her ability to pay, but should not be so great as to deny that party the necessary expenses of living . . . .

We find that the payment of child support by Mrs. Smith of $25.00 per month is approximately 1% of her gross annual salary of $25,000.00 on her primary job. Such a sum amounts to a token payment which in this day and age would not begin to encompass the needs of a 17 year old boy.

From the record, it would easily appear that Mr. Smith does contribute more support to the child than Mrs. Smith would be capable of doing. However, the amount of Mr. Smith's income is not the sole determining factor of Mrs. Smith's obligation to pay child support.

We reject the belief of Mrs. Smith that no support or $25.00 per month in support is all that she can pay. Primary circumstances to be considered in determining the amount of child support are the ability of the parents to pay and the needs of the child. *Holt v. Holt,* 620 S.W.2d 650 (Tex.Civ.App.—Dallas 1981, no writ). Mrs. Smith's income has doubled since the date of the divorce. We hold the trial court did abuse its discretion in ordering Mrs. Smith

to pay only $25.00 per month child support, and we reverse and remand this cause for further determination of her ability to contribute a meaningful sum of child support.