

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00187-CV

_____

IN THE INTEREST OF K.F., R.F., AND T.F., CHILDREN

On Appeal from the 233rd District Court
Tarrant County, Texas
Trial Court No. 233-458476-09

Before Sudderth, C.J.; Meier and Gabriel, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

## I. Introduction

In this suit affecting the parent-child relationship, Appellee T.F. (Mother) petitioned the trial court for an increase in Appellant R.F.'s (Father) monthly child support payments for their three children, K.F., R.F., and T.F. (Children). Following a bench trial, the trial court granted the requested modification and rendered a final judgment, which increased Father's monthly child support payments from the previously negotiated and agreed upon amount of $1,000 to $4,865, with "step-down" monthly payments of $4,037.95 for two children and $3,230.36 for one child.[1] Father presents four issues for our review. We reverse and remand.

## II. Background

In 2013, pursuant to a mediated settlement agreement, the trial court signed an agreed order (Agreed Order), which provided that Mother and Father would be the Children's joint managing conservators and that Mother had the exclusive right to designate their residence anywhere in the United States. Because Mother planned to

---

[1]A "step-down" provision in a child support order refers to the family code's requirement that when a court orders support for more than one child, the order must provide for a payment decrease or "partial termination" upon the termination of support for a child—e.g., when a child turns 18. *See* Tex. Fam. Code Ann. § 154.127(a) (West 2014) ("A child support order for more than one child shall provide that, on the termination of support for a child, the level of support for the remaining child or children is in accordance with the child support guidelines.").

(and did) move with the Children to Virginia, Father and Mother agreed that Father's monthly child support payments would be $1,000 because Father would exclusively bear all costs of travel.

After moving to Virginia, Mother remarried and moved into her new spouse's 8,000 square foot home, with its $6,000 monthly mortgage payment. In April 2017, a Virginia court signed an order (Consent Order), which, relevant to this appeal, modified the Agreed Order by altering Father's possession and access schedule. Although they disagree about the exact numbers, both Mother and Father acknowledge that the Consent Order decreased the number of days that Father had possession of and access to the Children. Yet the order increased his travel costs because certain blocks of his visitation periods were broken into smaller periods of possession, thus requiring him to pay for additional travel arrangements.

In January 2017, Mother filed the underlying petition for modification of child support, seeking an increase in Father's monthly payment. At the modification hearing, Mother testified that Father's current child support obligation required him to pay $1,000 per month and provide health insurance for the Children. Mother's testimony confirmed that at the time of the Agreed Order, her monthly income was $8,510.06 ($102,120.72 per year), the Children's monthly expenses were $5,351.25, and Father's monthly income was approximately $10,000 ($120,000 per year).

Mother also testified that her earnings had declined to $80,000 per year, in part because she was trying to work around the schedules of her new spouse and the

3

Children and because she had chosen to work fewer hours at a hospital in a different city requiring a 2.5 hour commute even though she admitted that there were "many other hospitals" closer to her residence. Mother stated that her current monthly mortgage payment was $6,000 and that the reasonable and necessary current monthly living expenses for the Children were $9,150. On cross-examination, Mother acknowledged that while she wanted Father to pay for 100% of the Children's $9,150 monthly expenses, she afforded Father no say with regard to the expenditures:

Q. And none of these expenses you've contacted [Father] about and asked him, What do you think about this? Or, you know, the sports, Is this okay for sports? Do you think the kids would like this? You don't contact him and ask him that ahead of time, do you?

[MOTHER]. No, I do not.

Q. So when you say, well, he's just not paying the expenses, you're not telling him or asking him or involving him in what these expenses actually would be, are you?

[MOTHER]. No, I'm not.

Q. And what you would like the Court to do today is appoint these expenses 100 percent to [Father], but [Father] gets absolutely no say in any of these expenses, correct?

[MOTHER]. That's correct.

Q. And you don't want to have to ask him about any expenses related to your children, do you?

[MOTHER]. No, I do not.

Q. And you think that that's fair and reasonable?

[MOTHER]. Yes, I do.

4

Finally, Mother testified that Father's gross pay for 2016 had increased to $528,793.41.

Father testified that his 2016 gross income was $550,000, but that the amount is offset by his own business expenses, of which he bears 100% of the costs. Father presented his own income and expense statement, which calculated his net annual income at approximately $350,000 and the Children's monthly expenses at $5,792. He also testified that because of the Consent Order, his travel expenses had increased. Unsurprisingly, Father concluded that Mother's request for nearly ten thousand dollars per month in child support was not reasonable.

The parties stipulated on the record that the statutory child support guidelines for three children would require Father to pay $2,565 a month.

The trial court subsequently issued a letter ruling stating that the court would order Father to pay $4,865 per month, with retroactive support, and on March 7, 2018, the court signed an order to that effect. The order included findings that

1. Father's net monthly resources are $29,220.65;

2. Mother's net monthly resources are $5,117.90;

3. the percentage applied to Father's net monthly resources is 16.649%;

4. the proven monthly needs of the Children are $9,150; and

5. it is in the best interest of the Children for Father to pay $4,865 per month in child support.

The order also included step-down provisions that reduced Father's monthly child support payments from $4,865 for three children, to $4,037.95 for two children, and to $3,230.36 for one child.

## III. Issues Presented

Father presents the following four issues for our review: (1) whether the evidence is legally and factually sufficient to support that a material and substantial change in circumstances had occurred warranting modification; (2) whether the trial court erred by ordering him to pay support over the statutory guidelines; (3) whether the trial court erred by ordering "step-down" provisions that departed from the statutory guidelines; and (4) whether the trial court abused its discretion by ordering retroactive child support from Mother's initial pleading rather than the date Mother first requested support above the child-support guidelines.

## IV. Discussion

### A. Sufficiency of the Evidence of a Material and Substantial Change

#### 1. Standard of Review

We review the trial court's modification of orders governing child support for an abuse of discretion. *In re T.D.C.*, 91 S.W.3d 865, 872 (Tex. App.—Fort Worth 2002, pet. denied) (op. on reh'g); *see In re A.B.H.*, 266 S.W.3d 596, 601 (Tex. App.—Fort Worth 2008, no pet.) (op. on reh'g) (applying standard). A trial court abuses its discretion if it acts arbitrarily or unreasonably or does not analyze or apply the law properly. *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011). Whether the evidence supporting

6

the decision is legally and factually sufficient is relevant in deciding whether the trial court abused its discretion. *T.D.C.*, 91 S.W.3d at 872; *Mai v. Mai*, 853 S.W.2d 615, 618 (Tex. App.—Houston [1st Dist.] 1993, no writ).

"When applying the abuse-of-discretion standard in this context, we ask first whether the trial court had sufficient information on which to exercise its discretion, applying traditional sufficiency review, and if so, whether it acted reasonably in the application of its discretion." *Reagins v. Walker*, 524 S.W.3d 757, 761 (Tex. App.— Houston [14th Dist.] 2017, no pet.). We review the evidence in the light most favorable to the court's rulings and indulge every presumption in favor of the rulings. *In re J.D.D.*, 242 S.W.3d 916, 920 (Tex. App.—Dallas 2008, pet. denied). If some probative and substantive evidence supports the rulings, there is no abuse of discretion. *Id.*

In this case, the trial court issued findings of fact and conclusions of law. A trial court's findings of fact have the same force and dignity as a jury's answers to jury questions, and we review the legal and factual sufficiency of the evidence supporting those findings using the same standards that we apply to jury findings. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994); *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991); *see also MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 663 n.3 (Tex. 2009). When the appellate record contains a reporter's record, findings of fact on disputed issues are not conclusive and may be challenged for

evidentiary sufficiency. *Super Ventures, Inc. v. Chaudhry*, 501 S.W.3d 121, 126 (Tex. App.—Fort Worth 2016, no pet.).

When reviewing an assertion that the evidence is factually insufficient to support a finding, we set aside the finding only if, after considering and weighing all of the evidence in the record pertinent to that finding, we determine that the evidence supporting the finding is so weak, or so contrary to the overwhelming weight of all the evidence, that the answer should be set aside and a new trial ordered. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh'g); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965). We may sustain a legal-sufficiency challenge—that is, a no-evidence challenge—when (1) the record discloses a complete absence of evidence of a vital fact, (2) the rules of law or of evidence bar the court from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence establishes conclusively the opposite of a vital fact. *Ford Motor Co. v. Castillo*, 444 S.W.3d 616, 620 (Tex. 2014) (op. on reh'g); *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1040 (1999). In determining whether legally sufficient evidence supports the finding under review, we must consider evidence favorable to the finding if a reasonable factfinder could and must disregard contrary evidence unless a reasonable factfinder could not. *Cent. Ready Mix Concrete Co. v. Islas*, 228 S.W.3d 649, 651 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005).

8

### 2. Applicable Law

When parents have agreed to a support order that is different from the amount required by the child support guidelines, the trial court has discretion to modify the support order "only if the circumstances of the child or a person affected by the order have materially and substantially changed since the date of the order's rendition." Tex. Fam. Code Ann. § 156.401(a–1) (West Supp. 2018). The movant bears the burden to show a material and substantial change in circumstances. *In re P.C.S.*, 320 S.W.3d 525, 530 (Tex. App.—Dallas 2010, pet. denied). The trial court determines whether the movant satisfied his burden by comparing the circumstances at the time of the initial order with those at the time the modification is sought. *In re Moore*, 511 S.W.3d 278, 283 (Tex. App.—Dallas 2016, no pet.); *In re C.C.J.*, 244 S.W.3d 911, 917 (Tex. App.—Dallas 2008, no pet.).

### 3. Analysis

It was undisputed at trial that Father's income had significantly increased from 2013 to 2016 and thus had changed since the Agreed Order. This fact alone is sufficient to establish a material and substantial change in his circumstances, permitting the trial court to modify the Agreed Order. *See* Tex. Fam. Code Ann. § 156.401(a–1); *Clark v. Jamison*, 874 S.W.2d 312, 316–17 (Tex. App.—Houston [14th Dist.] 1994, no writ) (holding trial court did not abuse its discretion in finding material and substantial change where evidence showed father's income may have actually increased); *Dorshaw v. Dorshaw*, 635 S.W.2d 783, 785 (Tex. App.—Corpus Christi 1982,

no writ) (affirming material and substantial change occurred when evidence showed father's income "had increased twofold"); *Holt v. Holt*, 620 S.W.2d 650, 652 (Tex. Civ. App.—Dallas 1981, no writ) (affirming trial court's order modifying child support because "appellee met her burden of showing a material and substantial change . . . by showing that appellant's income has increased from $13,000 a year at the time of divorce to $24,000").

Accordingly, we overrule Father's first issue.[2]

## B. Support Over the Statutory Guidelines

In his second issue, Father argues that notwithstanding any material and substantial change, the trial court abused its discretion because the evidence is insufficient to support the trial court's decision to order him to pay child support over the statutory guidelines as Mother did not establish the proven needs of the Children.

### 1. Applicable Law

Once the court determines that a material and substantial change has occurred, the trial court has discretion to alter the amount of child support accordingly.

---

[2]Because Father's increased income is by itself sufficient evidence of a material and substantial change, we need not address Father's other arguments challenging the trial court's finding that a material and substantial change occurred. *See Holt*, 620 S.W.2d at 651 (holding "that a material and substantial change in only one circumstance, the ability of the parent to contribute, is sufficient to justify modifying an order providing for the support of a child").

*Nordstrom v. Nordstrom*, 965 S.W.2d 575, 578 (Tex. App.—Houston [1st Dist.] 1997, pet. denied).[3]

The family code provides a bifurcated analysis in setting child support, depending on whether an obligor has net monthly resources above or below $8,550. Tex. Fam. Code Ann. § 154.125(a), (a–1) (West Supp. 2018), § 154.126 (West 2014); Office of the Att'y Gen., 2018 Tax Charts, 38 Tex. Reg. 4647, https://csapps.oag.texas.gov/system/files/2018-09/2018_taxcharts.pdf.; *Nordstrom*, 965 S.W.2d at 579. If the obligor's net monthly resources are below $8,550, the court must apply a presumptive award based on a percentage of the obligor's net resources and the number of children. Tex. Fam. Code Ann. § 154.125(b). But when the obligor's net monthly resources exceed $8,550, section 154.126(a) of the family code grants the court discretion to order additional amounts over and above the presumptive award. Tex. Fam. Code Ann. § 154.126(a). The amount of additional support that may be awarded depends upon the income of the parties and the "proven needs" of the child. *Id.* So, prior to awarding more than the guideline amount, the trial court must first determine the proven needs of the child. *Id.* § 154.126(b). If the needs of the child exceed the presumptive award, the court must

---

[3]We agree with the parties that the same standard of review that governs the first issue governs our review of Father's second issue. *See, e.g.*, *In re J.A.H.*, 311 S.W.3d 536, 542–43 (Tex. App.—El Paso 2009, no pet.) (utilizing an abuse of discretion standard when analyzing whether there is sufficient evidence to justify an increase in child support over the statutory guidelines).

subtract the presumptive award from those needs. *Id.* The court must then allocate between the parties the responsibility to meet the additional needs of the child, depending on their circumstances. *Id.* In no event may the court require the obligor to pay more than 100% of the proven needs of the child. *Id.*

The "needs" of the child is an amorphous term that has not been defined by the family code or by case law. *See Rodriguez v. Rodriguez,* 860 S.W.2d 414, 418 n.3 (Tex. 1993). Consequently, what constitutes "needs" of the child has been left for the courts to determine in their discretion on a case-by-case basis. *Scott v. Younts,* 926 S.W.2d 415, 420 (Tex. App.—Corpus Christi 1996, writ denied). The supreme court has, however, explained that while the "needs" of the child are more than merely the "bare necessities of life[,] . . . [they are] not determined by the parents' ability to pay or the lifestyle of the family." *Rodriguez,* 860 S.W.2d at 418 n.3.

## 2. Analysis

The trial court made a finding that the Children's proven monthly needs are $9,150. But the only evidence in the record to support such a finding was a spreadsheet of current expenses[4] and Mother's corresponding conclusory testimony about proven needs on direct examination:

Q. And what are [the Children's] expenses?

---

[4]Mother's spreadsheet recited that the Children's monthly expenses were $9,150, which represents a $3,798.75 increase from the Children's total monthly expenses at the time of the Agreed Order.

12

A. $9,150.00 a month.

Q. Okay.

A. On average.

Q. And are all of those expenses necessary – reasonable and necessary for the children?

A. Yes, they are.

But while Mother's testimony and the spreadsheet evidence the Children's current monthly expenses, monthly expenses and proven needs are not the same thing. *Id.* Mother's conclusory testimony regurgitating the contents of the spreadsheet of monthly expenses was insufficient to establish that those amounts reflected needs of the children warranting an increased amount of child support beyond the statutory guidelines. *See In re C.W.*, No. 07-04-0543-CV, 2006 WL 118937, at *2 (Tex. App.—Amarillo Jan. 17, 2006, no pet.) (mem. op.) (concluding court abused its discretion when "no evidence was admitted to show that the needs of the child remaining with [obligee] required support above what would result from application of the guidelines"). And Mother offered no testimony that the needs of the Children have changed since the Agreed Order. Thus, this record contains no evidence to link the total monthly expense increase of $3,798.75 to increased needs of the Children.

Our review of the trial record reveals that the trial testimony focused more on Father's increased earnings rather than on the needs of the Children. *See Mai*, 853

13

S.W.2d at 622 ("The trial testimony focused on appellant's earnings, not on the needs of [the children]."). But "[c]hild support awarded out of an obligor spouse's net monthly resources that exceeds the statutory guideline amount must be based solely on the needs of the child, and the trial court may not consider a parent's ability to pay or the lifestyle of the obligee." *Rooney v. Rooney*, No. 14-10-01007-CV, 2011 WL 3684618, at *7 (Tex. App.—Houston [14th Dist.] Aug. 23, 2011, no pet.) (mem. op.) (citing Tex. Fam. Code Ann. § 156.405 (West 2014)).

Furthermore, based on Mother's testimony, it appears that the increase in the Children's expenses to $9,150 is tied to her lifestyle change associated with the new marriage and upgraded housing, which is insufficient to permit a child support award above the statutory guidelines. *See Rodriguez*, 860 S.W.2d at 418 n.3 (explaining that proven needs "is not determined by the parents' ability to pay or the lifestyle of the family"); *In re T.A.W.*, No. 02-09-00309-CV, 2010 WL 4813356, at *6 (Tex. App.—Fort Worth Nov. 24, 2010, no pet.) (mem. op.) (holding trial court erred "by considering a factor-lifestyle-beyond those outlined in family code section 154.126(a)"); *In re J.A.H.*, 311 S.W.3d at 542 (affirming trial court's determination that children's needs were already being met because Mother "does not cite, nor have we found, any authority for the proposition that a subsequent marriage or an additional child constitutes a material or substantial change in circumstances warranting an increase in support").

14

Because the evidence is insufficient to support the finding that the Children's proven needs are $9,150 per month, we hold that the trial court abused its discretion by ordering Father to pay child support above the statutory guidelines. *See Reagins*, 524 S.W.3d at 763–64 (reversing child support increase after default modification hearing because Mother's "testimony was simply too speculative to support the trial court's finding," and thus "the trial court did not have legally or factually sufficient information on which to exercise its discretion."); *Mai*, 853 S.W.2d at 622–23 (reversing child support increase based on insufficient evidence of proven needs of children).

Accordingly, we sustain Father's second issue.[5]

## V. Conclusion

Having sustained Father's second issue, we reverse the order awarding child support and remand for a new trial.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered:  December 27, 2018

---

[5]Because we sustain Father's second issue, we need not reach his third and fourth issues. *See* Tex. R. App. P. 47.1.  But upon remand, the trial court may revisit these issues as well.

15