Jacques BERGERAC, Appellant,

v.

Dorothy MALONEY, Appellee.

No. 19150.

Court of Civil Appeals of Texas, Dallas.

Sept. 14, 1977.

Rehearing Denied Oct. 6, 1977.

Morton D. Newman, Dallas, for appellant.

William B. Pasley, Dallas, for appellee.

ROBERTSON, Justice.

Jacques Bergerac appeals from an order rendered by a domestic relations court which increased the amount of his child support obligation. The primary question in this case is whether there is sufficient evidence to support the trial court's finding of a material and substantial change of circumstances between a prior order and the trial date. Since we hold that the evidence is insufficient to support this finding, we reverse and remand.

The parties to this case were divorced in 1965 in California.[1] Later, on October 20, 1968, a California court ordered that child support for the two children be set at $150 per month for each child. In the present case, the trial court found as a fact that the children are now approximately eight years older and that the economic needs of each child have materially and substantially increased since the entry of the 1968 order. The court then increased the monthly support payments to $350 per child.

We do not find sufficient evidence to support the trial court's finding of a material and substantial change in circumstances. Although we recognize that increased age may be a factor in determining a change of circumstances in child support cases, *Lambert v. Lambert,* 545 S.W.2d 542, 543, 545 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ); *Jackman v. Jackman,* 533 S.W.2d 361, 364 (Tex.Civ.App.—San Antonio 1975, no writ), this isolated factor will not support a modification of the support

---

1. That decree is not before us, and the record is silent regarding any support order contained therein.

order unless the record contains sufficient evidence from which a comparison can be made between the support needs at the time of the prior order and the current needs of the children. A prior support order can be modified only "if the circumstances of the child or a person affected by the order or portion of the decree to be modified have materially and substantially changed *since the entry of the order or decree*; . . ." (Emphasis added). Tex.Family Code Ann. § 14.08(c)(2) (Vernon Supp.1976).

The record reflects that the mother's most recent analysis of monthly expenditures attributes $2,608.25 to the children; however, the only testimony regarding their needs relative to the prior order is that in 1968 the combined monthly expenses of mother and children were $3,783. There is no testimony as to how much of this $3,783 was attributable to the children, and, without such evidence, no meaningful comparison can be made to justify an increase in the child support obligation or the amount of such an increase. Consequently, we hold that the trial court abused its discretion in ordering increased child support. In the interest of justice, we are remanding this case to the trial court so that the facts may be further developed. Tex.R.Civ.P. 434; *McCart v. Cain*, 416 S.W.2d 463 (Tex. Civ.App.—Fort Worth 1967, writ ref'd n. r. e.); *Burris Mills, Inc. v. Hein*, 399 S.W.2d 950 (Tex.Civ.App.—Houston 1966, writ ref'd n. r. e.).

Reversed and remanded.