Rose MORELAND, Appellant,

v.

Carl MORELAND, Appellee.

No. 20115.

Court of Civil Appeals of Texas, Dallas.

Oct. 26, 1979.

Rehearing Denied Nov. 21, 1979.

George C. Roland, Jr., McKinney, for appellant.

Tom O'Connell, Plano, for appellee.

Before AKIN, STOREY and HUMPHREYS, JJ.

AKIN, Justice.

This is an appeal from an order denying appellant an increase in child support for the parties' two minor sons. Because the evidence is undisputed that a material change of circumstances occurred from the date of the divorce decree setting child support and the date on which appellant's motion to increase support was filed, we hold that the trial judge abused his discretion in refusing to increase support in accordance with the evidence. Accordingly, we reverse the order denying an increase and remand for further proceedings.

The parties were divorced on January 19, 1973, and appellant was awarded custody of the parties' three minor children. By agreement of the parties, approved by the court in its judgment, child support was set at $83 per month for each child. On October 19, 1978, appellant filed a motion to increase the amount of child support for the parties' two remaining minor sons, one of whom was thirteen years of age and the other sixteen. On January 11, 1979, a hearing was had on the motion and on February 26, 1979, the trial judge rendered his order denying an increase in child support. In this decree, the judge found that the circumstances of the children and the parties had not materially changed since rendition of the original divorce decree and, accordingly, denied an increase. The mother appealed.

Tex.Fam.Code Ann. § 14.08(c)(1) & (2) (Vernon Supp.1978–79) provides that child support may be increased upon a showing that the circumstances between the time of the prior support order and the time a change is sought have materially changed so as to affect the best interest of the children. *Labowitz v. Labowitz,* 542 S.W.2d 922, 925 (Tex.Civ.App.—Dallas 1976, no writ). The purpose of this requirement is to prevent vexatious litigation of such matters as custody and support. As we held in *Bergerac v. Maloney,* 556 S.W.2d 586 (Tex.Civ.App.—Dallas 1977, no writ), a movant is required to adduce evidence of the circumstances of the children and parties *at the time the prior decree was rendered* and of the circumstances *at the time the prior order is sought to be modified.* From this evidence, the trial judge is able to ascertain whether there has indeed been a substantial change justifying modification of the prior order.

In the present case, the evidence adduced was that at the time of divorce in 1973, appellant had a residential building business, which after the divorce but prior to this motion went into bankruptcy. Appellant now works part time for the Plano Housing authority and has but one hundred and forty-seven dollars a month as take-home pay. She works but part time because she must drive the youngest son to Dallas daily to attend a special school for children with special learning disabilities. At the time of divorce, this child attended public school in Plano and his learning problem was unknown. Additionally, in support of her motion, appellant testified that at the time of divorce, school lunches were

thirty-five cents but had now risen to over one dollar. She also testified that the cost of the children's clothes had trebled since the divorce in 1973, and that she needed the support raised from $83 per child to $150 per child, if appellee would pay the boys medical expenses, which appellee is willing to do.

The appellee's salary has increased from $1,000 per month at divorce to $1,590 per month at the date of the hearing. Additionally, appellee owns an interest in a Dallas night club. The appellee also testified that due to inflation that $83 in 1973 would not be the equivalent of $83 in purchasing power in 1979. Indeed, even the appellee testified that an increase in his monthly child support payments would be both reasonable and in the children's best interest and that he was willing to pay more if so ordered. He was unable to state, however, how much would be a reasonable increase.

We hold that under these compelling facts that the appellant established by undisputed evidence a material change of circumstances justifying a need for increased child support payments. Thus, an increase in support is in the children's best interest, and the child support should have been increased. Under these circumstances, we hold that the trial judge abused his discretion in refusing to increase child support payments. Accordingly, the order denying the increase is reversed and this cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.