John BIBLE, Appellant,

v.

Lynda BIBLE, Appellee.

No. 18008.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 31, 1981.

Rehearing Denied Feb. 4, 1982.

John Graml, Houston, for appellant.

Michael E. Orsak, Sugarland, for appellee.

Before PRICE, STILLEY and WARREN, JJ.

PRICE, Justice.

Appellant filed a motion to reduce child support and the trial court, in modifying the child support payment provisions of a divorce decree from $640.00 per month to $540.00 per month, found that there has been a material and substantial change in the circumstances in appellant's financial ability and earning potential. The appellant-father challenges the modification order as being unsupported by the evidence, and therefore an abuse of the trial judge's discretion. The trial court judge did not make any findings of fact and conclusions of law, and none were requested.

Points of error one through five will be joined as they concern themselves with the quantity and quality of the evidence the trial court considered in rendering its decision.

The record in this case reveals that the appellant is the father of four children, three boys and one girl, ranging in ages

from seven years to fifteen years. It further reflects that on September 28, 1979, appellant was ordered to pay appellee $640.00 per month for the support of these four children.

The testimony also establishes that the appellant is presently employed by VAM-CO, making $1000.00 per month. He supplements this salary by refereeing soccer games, earning approximately $65.00 a month. The appellant testified that this income was not sufficient to meet his living expenses and child support payments. Consequently, he contends that his support payments should be reduced to $171.00 monthly or $42.75 per child per month. The appellant listed as some of his more prominent monthly expenses the following:

| | |
|---|---|
| Food | $240.00 |
| New 1980 Toyota (payments and expenses) | 281.72 |
| Incidentals | 85.00 |
| Rent or mortgage | None |

The appellee testified that while her monthly income has increased to $1653.76, she is short of the amount needed to support her and her four children in an amount approximating $628.00 a month.

It is unclear from the record before us what the appellant's yearly earnings were at the time the original order was rendered in September, 1979. The appellant testified as follows:

"Q. Let me turn your thoughts back to the time of the rendering of the degree (sic.) about which we're talking today; where were you working?

A. I was self-employed as a attorney in Houston, Texas. I had my own law office with a secretary working for me and so forth.

Q. And at that time approximately how much money were you earning?

A. I *believe* the testimony at that time was around $20,000.00 to $25,000.00 dollars a year. It varies of course month to month." (emphasis added)

The appellant did testify, however, that his change in financial ability and earning potential from the time the order was originally entered in September, 1979, until now, is due to the fact that his license to practice law has been suspended for four years, necessitating his seeking other employment. It is because of this change in economic status that the appellant feels that the trial court erred in not reducing his monthly legal obligation to his four children to an amount equal to $42.75 per child.

Article 14.08(c)(2), Tex.Fam.Code Ann., states that:

After a hearing, the Court may modify an order or portions of a decree that:

(2) provides for the support of a child, ... if the circumstances of the child or a person affected by the order or portion of the decree to be modified have materially or substantially changed since the entry of the order...

■ It is well settled in Texas that the duty of a father to support his children after divorce corresponds in large measure to his financial ability and earning potential. *Witzel v. Witzel*, 514 S.W.2d 283 (Tex. Civ.App.—San Antonio 1974, no writ). The determination of the amount of child support to be paid, according to the financial condition of the one paying, is left to the discretion of the trial judge. His order will not be disturbed on appeal absent a clear showing of abuse of discretion. *Ramey v. Ramey*, 425 S.W.2d 900 (Tex.Civ.App.—Eastland 1968, writ dism'd). Also, in the absence of written findings of fact and conclusions of law, the trial court's judgment implies all necessary fact findings in support of the judgment. *Miller v. Miller*, 600 S.W.2d 386 (Tex.Civ.App.—Amarillo 1980, no writ). This rule is predicated on the finding of some evidence of probative value to support the judgment. *William v. William*, 596 S.W.2d 245 (Tex.Civ.App.—Houston [14th Dist] 1980, no writ).

■ We conclude, therefore, that the trial judge did not abuse his discretion in this matter and that there is sufficient evidence

in the record to justify reducing the child support payments from $640.00 a month to only $540.00 a month.

In his final point of error, appellant contends that the trial court erred in ordering that the child support payments should remain at $640.00 per month if an appeal should be taken. He asserts that this action by the trial court violates his right to appeal and constitutional right to equal protection of the law.

Sec. 11.19, Tex.Fam.Code Ann., states appropriately:

(b) An appeal may be taken by any party to a suit affecting the parent-child relationship from an order, decree, or judgment:...

(2) entered under Chapter 14 of this code ... ordering or refusing to order payments for support of a child; or modifying any such order previously entered; ...

(c) An appeal from an order, judgment, or decree, ... does not suspend the order, decree, or judgment unless suspension is ordered by the court entering the order, decree or judgment...

In the instant case, the trial court suspended the order by its determination that:

... and if this order is appealed the child support of $640.00 dollars per month shall continue due on January 1st, 1981, and on the first day of each month thereafter until final order of modification of child support.

It is, therefore, clear that pending an appeal of the order modifying child support, the original order of September 28, 1979, remained in effect.

The appellant's argument concerning the chilling effect created by section (c) of Section 11.19 above is without merit. We are bound to follow its mandatory provisions. The trial court has the authority to suspend an order, pending appeal, and this in no way affects the appellant's right to bring an appeal.

The appellant's sixth ground of error is overruled and the trial court's order modifying child support is affirmed.