**Leroy Lester ARNDT, Appellant,**

v.

**Shirley Ann ARNDT, Appellee.**

**No. 01–84–00665–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 31, 1985.

Rehearing Denied Feb. 14, 1985.

George C. Peyton, Corpus Christi, for appellant.

Jamie J. Elick, Elick & Elick, Bellville, for appellee.

Before EVANS, C.J., and COHEN and DUNN, JJ.

OPINION

EVANS, Chief Justice.

This is an appeal from an order increasing the child support obligation of appellant, Leroy Lester Arndt, for his 15 year old daughter. We affirm.

Under the terms of the divorce decree entered June 5, 1981, the appellant was ordered to make child support payments for his two minor children in the total sum of $250 per month. Although the record before us is not entirely clear on the matter, it appears that this order was subsequently modified on November 3, 1982, so as to reduce the child support obligation to $130 per month. Thereafter, on March 6, 1984, in a contempt proceeding instituted on appellee's motion, the court found that the oldest child had reached 18 years of age on November 2, 1983, and "by way of clarification of its previous order," it decreed that the appellant's child support "shall remain at $130 per month ... until the youngest child reaches 18 years of age or until modified" by subsequent order.

On June 20, 1984, the appellee filed a motion alleging that there had been a mate-

rial and substantial change of circumstances since the prior order dated November 3, 1982, and asking that the amount of child support be increased. At a hearing on September 5, 1984, the appellee testified that her daughter's expenses had increased because of her entry into high school, where she had to pay laboratory fees and the expenses of extracurricular activities such as uniforms, twirling lessons, and the cost of a major school project. She also testified that the child's clothing expenses had increased by about $100 per month and that the child had a psychological problem, which previously had required hospitalization. She said she was unable to afford the necessary psychiatric care for her daughter. The appellee further testified that her own income had increased only $150 per year since the prior order and that her income was not sufficient to meet the child's additional needs. The appellant did not testify at the hearing, nor did he present any evidence in contradiction of the appellee's testimony. The trial court did have before it, however, the appellant's financial information statement, indicating appellant's monthly gross income to be $1168 and his net income to be $878 per month.

The trial court filed findings of fact and conclusions of law, in which it determined that because the child had recently started high school and was engaged in school activities, the appellee had increased costs and expenses attributable to the child's needs, which she was unable to pay. Thus, the court concluded that the evidence established a material and substantial change of circumstances of the child and the appellee since the prior order, and on the basis thereof, it ordered the child support obligation increased from $130 per month to $220 per month. The record does not indicate that any additional findings or conclusions were made or requested.

In two points of error, which will be considered together, the appellant contends that the trial court abused its discretion in increasing the child support obligations because there was no evidence of a material and substantial change in the circumstanc-

es of the child or a person affected by the prior decree. Both points of error challenge only the legal sufficiency of the evidence to support the judgment, and therefore, we view the evidence in the light most favorable to the judgment, giving effect to all reasonable inferences that may properly be drawn therefrom and disregarding all evidence to the contrary. *Butler v. Hanson*, 455 S.W.2d 942, 944 (Tex.1970); *Cannon v. Cannon*, 646 S.W.2d 295, 297 (Tex. App.—Tyler 1983, no writ).

We find the appellee's testimony to be legally sufficient to support the trial court's findings that there had been a material and substantial change in appellee's circumstances, and those of the child, since the date of the prior order. One way to demonstrate a substantial and material change in the needs of the child is to show the child's needs at the time of the prior support order and the child's needs at the time of the hearing, but that is not the only way. Contrary to the appellant's argument, the appellee is not required to offer evidence of her income and each expense at the time of the prior order and her income and each expense at the time of the hearing so that an overall comparison could be made. Her testimony showing a substantial increase in the designated expenses for the child, in the absence of evidence showing any decrease in expenses, was sufficient to establish her claim that there had been a material and substantial increase in the needs of the child. The evidence before the trial court was legally sufficient to provide a basis for its judgment. *Bergerac v. Maloney*, 556 S.W.2d 586 (Tex.Civ.App. —Dallas 1977, writ dism'd) is distinguishable, because in that case, there was no evidence upon which the court could determine whether the childrens' expenses had increased.

We also overrule the appellant's contention that there is no evidence of his financial ability to pay the increased amount of child support. The appellant argues that the judgment cannot stand because no evidence was introduced of his

financial ability to pay child support in November 1982, which could be compared with his financial ability at the time of the hearing. It was not the appellee's burden to make a comparative showing of the appellant's financial ability, and on the basis of the appellant's financial statement alone, the trial court was entitled to determine that appellant had the financial ability to pay the increased child support. *Willis v. Willis*, 425 S.W.2d 696 (Tex.Civ.App.—Houston [1st Dist.] 1968, no writ). The trial court has broad discretion in matters relating to child support, *Dorshaw v. Dorshaw*, 635 S.W.2d 783 (Tex.App.—Corpus Christi 1982, no writ), and the appellant has not demonstrated that the trial court abused its discretion in the instant order. We accordingly overrule appellant's two points of error.

The judgment of the trial court is affirmed.