Anthony Daniel LIVERIS, Appellant,

v.

Sandra Lee Liveris ROSS, Appellee.

No. A14–84–717CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 28, 1985.

Rehearing Denied April 25, 1985.

Daniel D. Pappas, Douglas A. Sandvig, Kissner & Pappas, P.C., Houston, for appellant.

Roy W. Moore, Imogen S. Papadopoulos, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

OPINION

MURPHY, Justice.

Appellant, Anthony Daniel Liveris, brings this appeal to challenge the trial court's order denying his request for modification of the child support provisions incorporated in his divorce decree. He claims through three points of error that the trial court erred and alternatively abused its discretion in failing to order the requested modification. He further contends the trial court erroneously found no material and substantial change of circumstances. We find no error and affirm.

Appellee, Sandra Liveris Ross, and appellant were granted a divorce in 1980. At that time, both resided in the Houston area. Appellant was appointed managing conservator of the parties' two minor children, and appellee was appointed possessory conservator. The decree imposed no child support obligations upon appellee. Subsequently, appellee remarried and moved to San Antonio. She attempted to informally arrange a more suitable visitation schedule with appellant but they could not reach an agreement. Appellee then filed for modification of the existing visitation schedule. Appellant cross-filed for modification of the child support obligations. The court granted appellee's request for revised visitation but refused to modify the child support provisions. Appellant appeals only the portion of the judgment concerning child support.

In his first and second points of error, appellant claims the trial court erred as a matter of law and committed an abuse of discretion in refusing to order appellee to pay child support where an ability to pay had been demonstrated. Appellant's third point of error concerns alleged error in the finding of no material and substantial change in circumstances or in the alternative, such a finding would be against the great weight and preponderance of the evidence.

Child support provisions incorporated into a divorce decree may be modified only where the movant has established either a material and substantial change in the circumstances of the child or of a person affected by the decree. Tex.Fam.Code Ann. § 14.08 (Vernon Supp.1985); *Cannon v. Cannon,* 646 S.W.2d 295, 297 (Tex.App. —Tyler 1983, no writ); *Moreland v. Moreland,* 589 S.W.2d 828, 829 (Tex.Civ.App.— Dallas 1979, writ dism'd).

Each party testified at the modification hearing that the circumstances of the child had not changed. Therefore, appellant was required to demonstrate a change in the circumstances of a person affected by the decree. The court can determine whether such a change has occurred only by comparing the financial circumstances of the affected parties at the time the decree was entered versus the time that the modification of that decree is sought. *Stofer v. Linville,* 662 S.W.2d 783, 784 (Tex.App.—Houston [14th Dist.] 1983, no writ); *Williams v. Williams,* 596 S.W.2d 245, 247 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). We are unable to make this requisite comparison based upon the record before us. Appellant introduced no evidence establishing the financial condition of himself or appellee in 1980, when the decree he seeks to modify was entered. The record does contain evidence of several financial setbacks suffered by appellant in the course of the past several years. However, we are unable to place these losses in a proper context due to the lack of evidence detailing appellant's complete financial standing, particularly at the time of the divorce in 1980. It is impossible to determine whether these alleged losses truly indicate a changed circumstance or are instead fluctuations customary to appellant's construction business. The record also contains some evidence of appellee's earning capacity in the period since her 1980 divorce from appellant. Again, this evidence does not establish her financial condition in 1980.

Appellant has failed to meet the burden of proof necessary to support modification of a child support order and as a result we overrule his points of error one through three.