**Rhonda Reece HAMMOND, Appellant,**

v.

**Jeff Favor HAMMOND, Appellee.**

No. 2–94–064–CV.

Court of Appeals of Texas,
Fort Worth.

April 27, 1995.

Keith Bowman, Bellaire, for appellant.

Richard L. Turner, Mesquite, for appellee.

Before LATTIMORE, LIVINGSTON and DAY, JJ.

## OPINION

LIVINGSTON, Justice.

Appellant, Rhonda Reece Hammond, brings this appeal to challenge the trial court's order granting appellee, Jeff Hammond's, motion to modify child support. Appellant contends the evidence is factually and legally insufficient to support the trial court's finding that appellee's circumstances had materially and substantially changed since entry of the divorce decree and agreed order.

We reverse and remand for a new trial.

Jeff and Rhonda Hammond divorced on January 30, 1987. Appellant was appointed managing conservator of the parties' two minor children, and appellee was appointed possessory conservator. The agreed decree required appellee to pay child support and maintain insurance coverage for the children. Child support was set at $300.00 per month per child until September 1987 at which point it increased to $400.00 per month per child.

In May 1993, appellee filed a motion to modify the original divorce decree, seeking primarily a reduction in his child support obligation. A hearing was held on August 4, 1993, where appellee testified that he was unable to pay the child support due to his financial condition. After considering the matter, the trial court determined that appellee's circumstances warranted a reduction in child support. The trial court then signed an order reducing appellee's child support obligation to $202.58 (25% of net resources) per month for both children.

In her sole point of error, appellant contends there is no or insufficient evidence to support the trial court's finding that appellee's circumstances had materially and substantially changed since the entry of the original divorce decree.

A trial court has considerable discretion in setting the amount of child support, a ruling that will not be disturbed on appeal unless the complaining party shows a clear abuse of discretion. *MacCallum v. MacCallum*, 801 S.W.2d 579, 582 (Tex.App.—Corpus Christi 1990, writ denied). The trial court is also accorded broad discretion in determining whether the movant has met his burden of proof. *Cannon v. Cannon*, 646 S.W.2d 295, 297 (Tex.App.—Tyler 1983, no writ). An abuse of discretion occurs when the trial court acts without reference to any guiding rules or principles; in other words, if the act was arbitrary or unreasonable. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

The "best interest of the child" is the trial court's primary consideration in determining questions of child support. TEX. FAM.CODE ANN. § 14.07(a) (Vernon Supp. 1995). A court may modify a child support order if the circumstances of either the child or a person affected by the order have materially and substantially changed since the date of its rendition. TEX.FAM.CODE ANN. § 14.08(c)(2) (Vernon Supp.1995); *see Belcher v. Belcher*, 808 S.W.2d 202, 207 (Tex. App.—El Paso 1991, no writ), *overruled on other grounds by Rodriguez v. Rodriguez*, 860 S.W.2d 414, 417 n. 3 (Tex.1993); *Baker v. Baker*, 719 S.W.2d 672, 674 (Tex.App.—Fort Worth 1986, no writ). To make this determination, the court must compare the financial

circumstances of the affected parties *at the time the order was entered* with their circumstances at the time the modification is sought. *Clark v. Jamison,* 874 S.W.2d 312, 317 (Tex.App.—Houston [14th Dist.] 1994, no writ); *Penick v. Penick,* 780 S.W.2d 407, 408 (Tex.App.—Texarkana 1989, writ denied). The moving party has the burden to show the requisite change in circumstances since the entry of the order being modified.

■ During the hearing on his motion to modify, appellee testified that in September 1992, he suffered from a herniated disk which significantly reduced his ability to work. As a result, his income was drastically reduced. In May of 1993, appellee underwent surgery on his back, preventing him from working for a minimum of ninety days after the surgery. Appellee is self-employed and, other than his business, has no other sources of income. At the time of the hearing, appellee earned approximately $800 per month from his business, after expenses and taxes. The only evidence appellee introduced was an unsigned, unfiled 1992 tax return to document his inability to pay the current child support obligations. Based on this tax return, the trial court apparently calculated appellee's current net resources. Applying the child support guidelines set forth in section 14.055 of the Texas Family Code (enacted subsequent to their original divorce), the court arrived at an adjusted child support obligation of $202.58 per month for both minor children.

Despite appellee's testimony concerning his financial condition at the time of the hearing, he failed to introduce evidence of a substantial and material change in his circumstances since the granting of the original child support order. Appellee testified that he had "a high paying job" at the time of the divorce in January 1987. However, without more specific testimony in the record of how much appellee was making at the time of the divorce, we are unable to make the requisite comparison and determine whether there was a material and substantial change in appellee's circumstances.[1] *See State v. Hernandez,* 802 S.W.2d 894, 896 (Tex.App.—San Antonio 1991, no writ) (without some testimony as to how much a party was making at the time of divorce, evidence suggests nothing more than a mere scintilla of evidence that circumstances have materially and substantially changed); *Baker,* 719 S.W.2d at 676 (a bare assertion that a party was making more money at time of divorce, without some testimony of how much, is no more than a mere scintilla of evidence that circumstances have changed); *see also Liveris v. Ross,* 690 S.W.2d 60, 61 (Tex.App.—Houston [14th Dist.] 1985, no writ). While the record contains evidence of several financial setbacks suffered by appellee between the time of the divorce and the hearing on his motion to modify, those losses cannot be placed in proper context due to the lack of evidence detailing appellee's complete financial standing at the time of the divorce. Appellee even testified on cross-examination that he provided no evidence of his financial resources as of January 30, 1987. It is therefore impossible to determine whether the alleged setbacks indicate a material and substantial change in circumstances as specifically required by the statute and *Liveris* or merely reflect fluctuations customary in appellee's personal and business dealings. *Id.* at 61.

Appellee has failed to meet his burden of proof necessary to support a modification of a child support order. Point of error one is sustained. Accordingly, we hold that the trial court abused its discretion in finding evidence of a material and substantial change in appellee's circumstances and, therefore, the trial court's judgment is reversed and remanded for a new trial.

LATTIMORE, Justice, dissenting.

Because there is some probative evidence to support the trial court's decision to modify

---

1. At the time of appellee's divorce, the child support guidelines contained in section 14.055 of the Texas Family Code were not in existence. Had those guidelines been available and utilized to determine appellee's child support obligation as a percentage of net resources, the absence of specific evidence of appellee's financial condition at the time of divorce would be immaterial. In the instant case, however, we are unable to ascertain from the record how the court determined appellee's child support obligation at the time of the divorce.

Jeff Hammond's child support obligation, I respectfully dissent.

When, as in this case, a party seeks to modify child support under TEX.FAM.CODE ANN. § 14.08, the movant must show a material and substantial change in circumstance that warrants modification. TEX.FAM.CODE ANN. § 14.08(c)(2) provides, in relevant part that:

(c) After a hearing, the court may modify an order or a portion of a decree that:

. . . .

(2) provides for the support of a child if the circumstances of the child or a person affected by the order or portion of the decree to be modified have materially and substantially changed since the date of its rendition. . . .

TEX.FAM.CODE ANN. § 14.08(c)(2) (Vernon Supp.1995). In other words, the movant must bring forth some probative evidence that the circumstances since entry of the last support order have materially and substantially changed. If this evidentiary threshold is met, the trial court may modify the previous order. Modification of the prior child support order lies within the trial court's sound discretion. *MacCallum v. MacCallum*, 801 S.W.2d 579, 582 (Tex.App.—Corpus Christi 1990, writ denied); *Cannon v. Cannon*, 646 S.W.2d 295, 297 (Tex.App.—Tyler 1983, no writ). Of course, the best interest of the child is paramount. *See* TEX.FAM. CODE ANN. § 14.07(a) (Vernon Supp.1995).

In the instant case, Jeff Hammond, as obligor, had the burden to show that his circumstances had materially and substantially changed since rendition of the January 30, 1987 divorce decree. During the hearing on his motion to modify, Jeff gave numerous examples of material and substantial changes in his financial condition. For example, in September of 1992, Jeff suffered from a herniated disk which significantly reduced his ability to work[1] and, consequently, his income; in May of 1993, Jeff underwent surgery on his back, preventing him from working for a minimum of ninety days thereafter; Jeff is currently self-employed and, other than his business, has no other sources of income; during his recovery, Jeff employed an individual specifically to operate the business which, due to a loss of accounts, only covered loans and operating expenses; as of the time of the hearing, Jeff paid himself approximately $800 per month from the business, after expenses and taxes; Jeff introduced an unsigned, unfiled 1992 tax return to document his income status at the time of the hearing;[2] and Jeff has no other assets. The trial court found that Jeff's decreased income constituted a material and substantial change in circumstances and granted a modification.

Rhonda Hammond argues on appeal that Jeff failed to produce sufficient evidence of a material and substantial change of circumstances since entry of the original child support order. Specifically, Rhonda points to the lack of concrete evidence of Jeff's financial condition at the time the divorce.[3] She contends that without more specific testimony or other evidence in the record of Jeff's income *at the time of the divorce*, the trial court abused its discretion in modifying the original order of support. *See Liveris v. Ross*, 690 S.W.2d 60 (Tex.App.—Houston [14th Dist.] 1985, no writ). This argument was embraced in the majority opinion, which finds no evidence of material and substantial change.

In contrast, I believe there is some probative evidence of material and substantial change sufficient to bestow the trial court with discretionary authority to modify the order. The record contains evidence of Jeff's serious health problems and several financial setbacks suffered between the time of the divorce and the motion hearing. In addition, the trial court was presumably cognizant of

---

1. Jeff testified to being self-employed in the automotive industry, a business that requires "physical attributes."

2. The trial court apparently used this tax return to calculate Jeff's current net resources to which it applied the child support guidelines set forth in section 14.055 and 14.056 of the Texas Family Code and arrived at a modified child support obligation of $202.58 per month for both minor children.

3. Jeff testified that he had a "high paying job" at the time of the divorce. He later conceded on cross-examination, however, that he put forth no other evidence to substantiate his claim.

the contents of the agreed order incorporated into the original divorce decree that set Jeff's initial child support obligation. From that order, the trial court could easily infer that, as of the date of the divorce, Jeff's support obligation was reasonable and commensurate with his ability to pay. A factfinder may make reasonable inferences and conclusions from the direct and circumstantial evidence presented at trial. *Jim Walter Homes, Inc. v. Gonzalez,* 686 S.W.2d 715, 718 (Tex.App.—San Antonio 1985, writ dism'd). Further, appellate courts are not in a position to second-guess the trial court which saw and heard, live, all witnesses at trial on the motion to modify. *See Dunker v. Dunker,* 659 S.W.2d 106 (Tex.App.—Houston [14th Dist.] 1983, no writ). With this in mind, a review of *all* the evidence leads to the conclusion that the trial court did not abuse its discretion in modifying the support provision of the original divorce decree.

The majority, however, adopts the opposite approach. According to the majority, to establish the requisite change in circumstances, the movant must bring forth evidence of (1) the financial circumstances of the affected parties at the time the original support order was entered, *and* (2) their financial circumstances at the time the modification is sought. *See Clark v. Jamison,* 874 S.W.2d 312, 317 (Tex.App.—Houston [14th Dist.] 1994, no writ); *Penick v. Penick,* 780 S.W.2d 407, 408 (Tex.App.—Texarkana 1989, writ denied). Presumably, such evidence enables the trial court to compare the relative change in circumstances and then make a determination of whether the change was material and substantial. Regardless of any other evidence that may indicate a need to modify the original support order, if the movant, as in this case, fails to bring forth sufficient evidence of the ability to pay child support at the time of the original order *and* at the time the modification is sought, the majority inter-

prets this as no evidence of material and substantial change. I dissent because the majority adopts a strict standard that is unreasonable and contrary to common sense.

Since 1975, a person affected by a child support order could petition the trial court for modification of that order upon a showing of a material and substantial change in that person's circumstances.[4] Act of June 2, 1975, 64th Leg., R.S., ch. 476, § 29, 1975 Tex.Gen.Laws 1253, 1265–66. This statutory change was an apparent codification of the then-existing practice in state court.

*Anderson v. Anderson,* 503 S.W.2d 124 (Tex.Civ.App.—Corpus Christi 1973, no writ) exemplifies pre-amendment practice. In *Anderson,* a father filed a motion seeking to reduce his child support obligation in which he alleged that *his* circumstances had materially and substantially changed. *Id.* at 125. The appellant/movant testified that his annual income had decreased since the original order of support was entered. *Id.* at 126. As a direct consequence, appellant had fallen behind on his child support payments, prompting the appellee to initiate contempt proceedings. *Id.* at 125. In response, the trial court found that there had been a change in appellant's financial condition since the initial child support order was entered, but only reduced appellant's monthly child support obligation from $400 to $300, an amount still in excess of appellant's financial means. *Id.* Holding that the trial court abused its discretion, the Corpus Christi Court of Appeals weighed a number of factors including appellant's fluctuating salary, remarriage, lifestyle, availability of other assets, and the needs of the children. *Id.* at 126–27. The evidence of appellant's inability to pay was not contradicted or refuted, although it was of a nature that could have been contradicted, if untrue. *Id.* at 127.

---

**4.** Prior to the 1975 amendment, section 14.08 read, in pertinent part, as follows:

**Sec. 14.08. Modification of Order**

  (a) Any party affected by an order of the court providing for managing conservatorship or support of a child, or setting the terms and conditions for possession of or access to a child, may file a motion requesting the court to modify its former order. *The motion shall*

*allege that the circumstances of the child have materially and substantially changed since the entry of the order sought to be modified,* set forth the alleged circumstances, and be sworn to by the party seeking modification.

Act of May 25, 1973, 63rd Leg., R.S., ch. 543, § 14, 1973 Tex.Gen.Laws 1411, 1425 (emphasis added).

The court of appeals made the following observations:

> The evidence in this case clearly shows that appellant, at the time of the [modification] hearing, simply did not earn enough to properly provide for the children of his first marriage, and, at the same time, supply him with a minimum living. His support payments must be made to correspond to his financial ability to pay when his income from all sources is considered. The division of that income between father and children must take into consideration the right of a father to self subsistence in accordance with his income; there is some minimum amount necessary for a bare subsistence, and less than such amount renders a child support order unenforceable. In cases such as this, where hardship is inevitable, both the father and the mother should reduce their individual personal living expenses to an absolute minimum. While the trial court may well determine that the father must make every sacrifice in order to provide support for his dependent children suitable to their circumstances in life, still the father must be permitted to retain enough of his earnings to pay the necessary expense of living and earning a living.

*Id.* (citations omitted). Ultimately, the *Anderson* court concluded that the trial court erred, not in modifying appellant's child support obligation, but in failing to set an amount commensurate with his ability to pay, notwithstanding the fact that appellant was able to pay more than the reduced amount at the time of the divorce. *Id.* What is evident in this and other cases that predate the 1975 amendment to section 14.08 is that trial courts, as well as courts of appeal, considered many factors when analyzing whether a change in circumstances warranted modification of the original order of support. *See, e.g., Duke v. Duke,* 448 S.W.2d 200 (Tex.Civ. App.—Amarillo 1969, no writ).

A close reading of the Texas Family Code, however, reveals that section 14.08 is silent as to the quantum of evidence required to show a material and substantial change in circumstances. Presumably for that reason, courts of appeals, ostensibly engaging in statutory interpretation, have attempted to surmise the legislative intent behind the statute. It is that interpretation upon which the majority's holding is premised.

One of the first cases to review section 14.08 was *Bergerac v. Maloney,* 556 S.W.2d 586 (Tex.Civ.App.—Dallas 1977, writ dism'd). In that case, appellant appealed from an order which increased the amount of his child support obligation. *Id.* The trial court found that the needs of appellant's children had materially and substantially changed since the entry of the original order. *Id.* On appeal, appellant alleged that the trial court's finding was simply unsupported by the evidence. *Id.* The Dallas Court of Appeals recognized that section 14.08 provided for modification "if the circumstances of the child or a person affected by the order or portion of the decree to be modified have materially and substantially changed *since the entry of the order or decree...*" *Id.* at 587 (emphasis in original) (citing TEX.FAM. CODE ANN. § 14.08(c)(2) (Vernon Supp.1976)). From the analysis that follows, it becomes apparent that the court of appeals strictly interpreted "since the entry of the order or decree" to require evidence of expenditures attributable to the children *both* at the time of the modification hearing *and* when the original order was entered. *See id.* In *Bergerac,* because the mother failed to procure such evidence, the court of appeals held that the trial court abused its discretion in modifying the prior order. *Id.*

This narrow interpretation of section 14.08 was later reinforced in *Moreland v. Moreland,* 589 S.W.2d 828 (Tex.Civ.App.—Dallas 1979, writ dism'd), in which the Dallas Court of Appeals cited *Bergerac* for the proposition that to show a material and substantial change, a movant is required to adduce evidence of the circumstances of the children and parties *at the time the prior decree was rendered* and of the circumstances *at the time the prior order is sought to be modified.* *Id.* at 829 (emphasis in original). *See also Labowitz v. Labowitz,* 542 S.W.2d 922 (Tex. Civ.App.—Dallas 1976, no writ). According to *Moreland,* such evidence enables the trial court to ascertain whether there has indeed been a material and substantial change justi-

fying modification of the prior order. *Moreland*, 589 S.W.2d at 829. This narrow interpretation of the evidentiary requirement of section 14.08 was quickly and widely adopted by other appellate courts. *See, e.g., Williams v. Williams*, 596 S.W.2d 245 (Tex. Civ.App.—Houston [14th Dist.] 1980, no writ) (holding evidence only that the father's income had substantially increased since the divorce, along with evidence of the increase, does no more than raise a mere surmise or suspicion of substantial increase and constitutes no evidence).[5] Even this court followed suit in *Baker v. Baker*, 719 S.W.2d 672 (Tex. App.—Fort Worth 1986, no writ).

After reviewing section 14.08 in light of the rules of statutory construction, I believe the narrow interpretation embraced by the majority is unwarranted and contrary to the spirit of the statute. TEX.FAM.CODE ANN. § 14.08(c)(2) provides for the modification of a child support order if the movant establishes a material and substantial change in circumstances "since the date of its rendition." While this section precludes the movant from relitigating facts or events that occurred prior to the original support order, it provides the reader little guidance on the quality, quantity, or character of evidence that is allowed or mandated to prove the requisite change in circumstances since that time. To ascertain the intent of section 14.08, I believe the Code Construction Act is instructive.

Section 311.011 of the Code Construction Act states that "words and phrases shall be read in context and construed according to the rules of grammar and common usage." TEX.GOV'T CODE ANN. § 311.011(a) (Vernon 1988). Further, the term "since" is defined as "continuously from a time in the past until the present; ... before the present time; ... [or] after a time in the past; ...." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2122 (1981). Contrary to the majority's holding, this definition supports a broader interpretation of section 14.08, an interpretation that encompasses a myriad of evidentiary factors relevant to modification outside the confines of two points in time. In other words, while I believe that evidence of Jeff Hammond's ability to pay child support at the time of the prior order and at the time of the modification are relevant to the trial court's ultimate determination, it should not be outcome determinative in isolation. Other factors may also mandate modification.

Further, under the Code Construction Act, we must presume that by enacting or amending section 14.08, the Texas legislature intended a just and reasonable result. *See* TEX.GOV'T CODE ANN. § 311.021(3) (Vernon 1988). The majority does not dispute that Jeff's net resources as of the time he sought modification were $800 per month. The majority likewise does not dispute that, as was true in *Anderson*, forcing Jeff to make $800 per month child support payments would deprive him of a minimum amount of income necessary for a bare subsistence.[6] With respect to child support, a trial court is supposed to order an amount which the parent is able to pay, commensurate with the standard of living that the family and the child have maintained, and with respect to the parent's ability to pay. *See Bacon v. Kouri*, 696 S.W.2d 599, 603 (Tex.App.—Houston [14th Dist.] 1985, no writ); *Vautrain v. Vautrain*, 646 S.W.2d 309, 312–13 (Tex.App.—Fort Worth 1983, writ dism'd). We should not force a parent to pay that which he cannot afford. Otherwise, this court subjects that parent to almost certain contempt proceedings.

Finally, the evidentiary constraints of the majority's decision are simply contrary to common sense. Consider the following hypothetical. At the conclusion of a divorce proceeding, the trial court enters a child support order. Unfortunately for the obligor, the trial court sets an unreasonably high monthly obligation that ultimately goes unpaid, either

---

5. *See also Belcher v. Belcher*, 808 S.W.2d 202, 207 (Tex.App.—El Paso 1991, no writ); *State v. Hernandez*, 802 S.W.2d 894, 896 (Tex.App.—San Antonio 1991, no writ); *Penick*, 780 S.W.2d at 407; *S.A.B.S. v. H.B.*, 767 S.W.2d 860, 862 (Tex. App.—Corpus Christi 1989, no writ); *Cannon*, 646 S.W.2d at 297.

6. As in *Anderson*, Rhonda Hammond does not contradict or refute Jeff's testimony of his present financial ability.

in whole or in part. At some point, the obligor files a motion to modify the original order, alleging that circumstances have materially and substantially changed since its rendition. At trial, evidence conclusively shows that the obligor's income as well as the needs of the children have remained virtually unchanged since the divorce. Assume further, as the majority requires, that the movant proffers probative evidence of income and expense figures both at the time of the divorce and at the time of the modification hearing. Under the majority opinion, these figures, considered in isolation, serve no basis for modification. Therefore, the only support for the allegation of material and substantial change stems from the obligor's original and continuing inability to pay an unreasonable child support amount. Applying the majority's test to these facts, this later factor would constitute no evidence of material and substantial change, not because the movant failed to meet the majority's minimum evidentiary requirements, but because we are precluded from considering any other evidence that might trigger modification, *i.e.,* that the trial court set an unreasonably high child support obligation. In practical application, the majority precludes a trial court from correcting the source of the problem.

This scenario is distinguishable, of course, because in the instant case, Jeff Hammond failed to meet the majority's evidentiary requirement. But it does reflect the danger in wearing blinders when reviewing evidence intending to show material and substantial change in circumstances. In doing so, the majority omits consideration of other relevant factors that may constitute a material and substantial change in circumstances.

For this very reason, some appellate courts show signs of abandoning the majority's strict evidentiary standard, opting instead for a more common sense approach that considers all the circumstances underlying a trial court's decision to modify. Most recently, the Amarillo Court of Appeals in *In re Edwards,* 804 S.W.2d 653 (Tex.App.—Amarillo 1991, no writ), considered other relevant factors in determining whether the movant proved a material and substantial change in circumstances. In *Edwards,* the appellee/movant filed a motion to modify child support seeking to increase the obligor's child support payments. *Id.* at 654. After a hearing, the trial court increased the support payments on the recommendation of a court master. *Id.* Appellant then appealed the ruling on legal and factual sufficiency grounds. *Id.* at 655. As is true in the instant case, the court in *Edwards* recognized that the parties' divorce predated the enactment of the Texas Family Code child support guidelines. *See* TEX.FAM.CODE ANN. §§ 14.055, 14.056 (Vernon Supp.1995). However, the Amarillo Court of Appeals compared a computation of the obligor's child support payments pursuant to the new guidelines with the trial court's need-based calculation, and found no abuse of discretion. *Edwards,* 804 S.W.2d at 655. In reaching this conclusion, the court of appeals did not compare the financial circumstances of the obligor or the children both at the time of the divorce and at the time of the modification hearing. Indeed, the only income figures analyzed in the opinion are of the obligor's net resources at the time of the hearing. *See id.* Instead, the court utilized the new child support guidelines as support for the trial court's finding of material and substantial change in circumstances. That is exactly what the trial court did in this case, and we should not disturb that decision on appeal.

Likewise in *Escue v. Reed,* 790 S.W.2d 717 (Tex.App.—El Paso 1990, no writ), the El Paso Court of Appeals focused exclusively on the obligor's net resources and the children's needs *at the time of the modification hearing* to determine the existence of a material and substantial change in circumstances that warranted an increase in child support payments. *Id.* at 718–20. At the modification hearing, the obligor testified that he had recently lost his single largest customer, causing a forty-five percent decrease in his total business and an $11,000 drop in his monthly revenues. *Id.* at 719. He also testified about his current monthly expenses, gross income, and monthly child support payments. *Id.* From this evidence, the trial court calculated the obligor's monthly net resources and, taking into account the needs of the children, calculated a new child support obligation using the new guidelines. *Id.*

With no other evidence at its disposal, the El Paso Court of Appeals found sufficient evidence to support the trial court's decision based on a material and substantial change in circumstances. *Id.* at 719–20. *See also Bible v. Bible,* 631 S.W.2d 177 (Tex.App.—Houston [1st Dist.] 1981, no writ) (lack of evidence of obligor's yearly earnings at the time of the original order did not preclude finding of sufficient probative evidence of material and substantial change in circumstances).

The majority's opinion also contradicts the sound reasoning in *Arndt v. Arndt,* 685 S.W.2d 769 (Tex.App.—Houston [1st Dist.] 1985, no writ). In that case, the appellee filed a motion alleging that there had been a material and substantial change of circumstances since the prior support order was entered. *Id.* at 769–70. After a hearing, the trial court filed findings of fact and conclusions of law, in which it determined that due to the increased costs and expenses attributable to the child's needs, there was evidence that warranted an increase in child support. *Id.* at 770. Appellant challenged the trial court's decision on the grounds that the appellee's testimony of increased expenses was insufficient to show a material and substantial change in circumstances since the date of the prior order. *Id.* In response, the court of appeals made the following observation:

> One way to demonstrate a substantial and material change in the needs of the child is to show the child's needs at the time of the prior support order and the child's needs at the time of the hearing, but that is not the only way. Contrary to the appellant's argument, the appellee is not required to offer evidence of her income and each expense at the time of the prior order and her income and each expense at the time of the hearing so that an overall comparison could be made. Her testimony showing a substantial increase in the designated expenses for the child, in the absence of evidence showing any decrease in expenses, was sufficient to establish her claim that there had been a material and substantial increase in the needs of the child.

*Id.* The court then distinguished *Bergerac v. Maloney* which I believe erroneously laid the foundation of the majority opinion. *Id.*

Instead of the strict standards adopted by the majority, I recommend an approach to determining a material and substantial change in circumstances that incorporates a review of the totality of all the circumstances. Only then would we endow the true arbiter of the facts, the trial court, with the discretion soundly to resolve the issue.

For the reasons discussed above, I would hold there is sufficient probative evidence of a material and substantial change in Jeff Hammond's financial circumstances to warrant modification in light of all the surrounding circumstances. The trial court, therefore, did not abuse its discretion.

Accordingly, I would affirm the judgment of the trial court.

