NO. 07-05-0058-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 9, 2006

_____

IN THE INTEREST OF C.N.G.V.,
M.A.L.V. AND J.B.N.V., CHILDREN
_____

FROM THE 264TH DISTRICT COURT OF BELL COUNTY;

NO. 197,241-D; HONORABLE MARTHA J. TRUDO, JUDGE
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Traci Lynette Volkert brings this appeal from an order modifying the child support obligations of appellee Charles W. Volkert. Finding the trial court did not abuse its discretion in modifying the support obligations, we affirm.

At the time of the Volkert's divorce in 1998, Charles was ordered to pay $1300 per month in support for their three minor children. In December 2001, Charles filed a motion seeking reduction of his support obligation. Traci answered with a request to increase the amount of support. On November 5, 2003, the parties reached an agreement, evidenced by a writing, to increase the support payments to $1500 per month beginning December

1, 2003. This agreement was incorporated in the court's written order filed in January 2004. This order recited the trial court's finding that Charles had net resources of $5000 per month and Traci's net resources were $0. It further found the amount of support ordered was in conformity with the percentage guidelines of section 154.125 of the Family Code. Tex. Fam. Code Ann. § 154.125 (Vernon 2002).

Charles filed a second motion to modify in May 2004 alleging an unspecified change in the circumstances of the parties. Traci again responded by also alleging a change in circumstances and requesting an increase in child support. The motion was heard in August 2004. Charles was the only witness at the hearing. Through his testimony and pay records, it was shown he was employed as a mechanic for a pharmaceutical company earning $23.59 per hour throughout 2003 and 2004. A change in corporate structure brought a change in Charles' work schedule in April 2003. Under the new schedule, he worked 12 hour shifts for three days, was off for two days, then worked two more 12 hour shifts before having three days off. Due to a shortage of mechanics to implement the new schedule, Charles earned substantial overtime pay.[1] As more mechanics were hired, the amount of overtime work available was reduced and ultimately eliminated by November 2003. He introduced a pay sheet dated August 8, 2004 showing year-to-date gross earnings of $32,885.29. There was also evidence Charles had often received bonuses as part of his December pay but that practice had been discontinued.

---

[1] A pay sheet introduced at the hearing on Traci's motion for new trial showed Charles earned $82,803.65 during 2003.

In a September 2004 order, the trial court reduced Charles' support obligation to $1020 per month, with conforming reductions as the need for support terminates for each child. Traci filed a motion for new trial complaining of the trial court's finding there had been a substantial change in circumstances justifying a modification, the method the trial court used in determining Charles' net resources, and its failure "to consider" the agreement on which the prior support order was based.

At the hearing on the motion, the trial court overruled the motion, specifically rejecting the complaint that determining net resources based on Charles' earnings from January through August 2004 was improper. The judge permitted Traci to testify as an offer of proof over Charles' objection. In subsequent findings of fact and conclusions of law made at Traci's request, the trial court found in November 2003, Charles' net income was $5000 per month, during 2004 his income was "reduced substantially," and his "net income/net resources" in 2004 was $3468.25 per month. The conclusions of law included the court's determination that modification was warranted because there was a material and substantial change in circumstances. At the same time, the court signed a supplemental order requiring Charles to pay, as additional child support, 30 percent of net proceeds of bonuses he received in December 2004 and thereafter.

Traci's brief lists a single issue assigning error to the trial court's reduction in child support. She presents two supporting arguments: first, that there was no material and substantial change in circumstances from the time of the prior modification order and second, the trial court should not have calculated child support based on Charles' year-to-date income.

Family Code section 156.401 authorizes modification of a child support order if (1) the circumstances of the child or a person affected by the order have "materially and substantially changed" since the date the order was rendered or the execution of an agreement on which the order was based, or (2) more than three years have elapsed since the order was rendered and the support award differs by 20 percent or $100 from the amount determined by the support guidelines. Tex. Fam. Code Ann. § 156.401(a) (Vernon Supp. 2004). On finding the requisite change, a trial court is given broad discretion in whether to modify support, *In re Marriage of Hamer*, 906 S.W.2d 263, 265 (Tex.App.–Amarillo 1995, no writ), and the amount of support required. *Nordstrom v. Nordstrom*, 965 S.W.2d 575, 578 (Tex.App.–Houston [1st Dist.] 1997, pet. denied). Absent a clear abuse of discretion, the trial court's order will not be disturbed on appeal. *In re D.S.*, 76 S.W.3d 512, 516 (Tex.App.–Houston [14th Dist.] 2002, no pet.). Under an abuse of discretion standard, legal and factual insufficiency are not independent grounds of error, but are rather relevant factors in assessing whether the trial court abused its discretion. *Dolan v. Martine*, No. 03-03-0112-CV, 2004 WL 314972, at *3 (Tex.App.–Austin Feb 20, 2004, no pet.) (mem.); *In re Pecht,* 874 S.W.2d 797, 800 (Tex.App.–Texarkana 1994, no writ). Abuse of discretion does not exist as long as there is some evidence of a substantive and probative character to support the decision. *Dolan*, 2004 WL 314972, at *3; *In re C.R.O.*, 96 S.W.3d 442, 447 (Tex.App.–Amarillo 2002, pet. denied); *Nordstrom*, 965 S.W.2d at 578.

The only change in circumstances asserted here, and found by the trial court, was a reduction in Charles' net resources. Traci's argument includes an extensive discussion of the evidence of Charles' income in 2003 and 2004 and the conclusion there was no

reduction in his income, and thus no change in circumstances. Her argument does not address the trial court's finding in the prior modification order and the finding of fact in this proceeding that Charles' net resources in November 2003 were $5000 per month, or the finding of fact that his net resources at the time of the 2004 modification hearing were $3468.25 per month.

Traci cites *Hammond v. Hammond*, 898 S.W.2d 406 (Tex.App.–Fort Worth 1995, no writ), in support of her contention Charles failed to meet his burden to establish a material and substantial change in circumstances. In *Hammond*, the spouse seeking reduction in his support obligation presented evidence of his income at the time of the modification hearing, but no evidence of his income at the time of divorce other than the characterization of his job as "high paying." *Id.* at 408. The court of appeals found that vague evidence was insufficient to support the trial court's finding of a material and substantial change. *Id.*

Unlike *Hammond*, in this case we have the benefit of the express finding in the prior modification order that Charles had net resources of $5000 per month. That order reflects the court's further finding that the $1500 support payments constituted 30 percent of Charles' net resources which were in conformity with statutory support guidelines. The finding that Charles had net resources of $3468.25 per month at the time of the August 2004 modification hearing, reflects a greater than thirty percent reduction, supporting the court's determination that a material and substantial change had occurred. Unless the court abused its discretion in deriving the $3468.25 net resource figure, we must reject

5

Traci's assertion that no material and substantial change was shown. That is the subject of Traci's second argument.

Traci's challenge to the method used to determine Charles' net resources is based on the trial court's use of income from January through August 2004 rather than the previous 12 months. The only authority she cites in support is Family Code section 154.061(a), providing: "whenever feasible, gross income should first be computed on an annual basis and then should be recalculated to determine average monthly gross income." Tex. Fam. Code Ann. § 154.061(a) (Vernon Supp. 2005). The basis for Traci's complaint is that use of Charles' income for the seven months of 2004 rather than the previous 12 months to determine his average income excluded the bonus he earned in December 2003. Traci's brief does not point to any evidence controverting Charles' testimony he did not expect to receive a bonus in the future. More significantly, her argument fails to acknowledge the trial court's supplemental order directing payment of 30 percent of any future bonus as additional child support. On the evidence presented, the trial court's use of year-to-date earnings to compute average income, and separate order allocating possible future bonus payments, do not show an abuse of discretion.

Traci also presents an argument that equity should preclude Charles from seeking a reduction in his support obligation after agreeing to pay $1500 per month in November 2003. She asserts, based solely on her testimony at the motion for new trial hearing, the agreement was based on her abandonment of claims for a retroactive increase in support in exchange for an increase of Charles' support payment from $1300 to $1500 per month. Her argument must fail, for at least two reasons. First, the written agreement appears in

the record and recites a different consideration. It contains two provisions, an increase of Charles' support payments to $1500 per month and denial of "all other relief sought, including request to add Victoria Co[unty] as location where children's domicile may be established." Second, Traci's argument effectively asks this court to insert into their agreement a provision they did not include, precluding Charles from seeking modification of his support obligations for a set period of time. *See In re D.S.*, 76 S.W.3d at 515 (agreement not to seek increase for three years); *Farish v. Farish*, 921 S.W.2d 538, 540 (Tex.App.–Beaumont 1996, no writ) (agreement not to seek decrease for five years). We must decline to rewrite the parties' agreement. *See Cross Timbers Oil Co. v. Exxon Corp.*, 22 S.W.3d 24, 26 (Tex.App.–Amarillo 2000, no pet.) (court could not change agreement merely because one of its parties thinks that something else is needed in it). Moreover, as the trial court noted during the motion for new trial hearing, during most of 2004, Charles paid $480 per month more than the amount he would have owed under the guidelines. This is an indication the trial court considered the equities affecting both parties. No abuse of discretion is shown. We overrule Traci's sole issue and affirm the order of the trial court.

James T. Campbell
Justice