COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
| --- | --- | --- |
| | § | No. 08-11-00080-CV |
| | § | Appeal from the |
| IN THE INTEREST OF M.I.G. | § | 383rd Judicial District Court |
| | § | of El Paso County, Texas |
| | § | (TC# 2008AG7441) |

**O P I N I O N**

This is an appeal from the denial of a petition to modify a child-support obligation. We affirm.

***Factual and Procedural Background***

On July 13, 2010, the trial court entered an order establishing the parent-child relationship. The order established that Appellant is the child's father, stated that his monthly net resources were $2,777, and set his monthly child-support obligation at $444. Appellant did not appeal this order. However, on September 22, 2010, less than a week after his motion for new trial was denied, he filed a petition to modify. He asserted that his child-support payments should be decreased because of a material and substantial change in circumstances since the July 13th order.

An evidentiary hearing was held on February 8, 2011. Appellant testified that he earns $800 per month working for his wife at a business located at 4700 Durazno. After taxes and other deductions, he takes home $664 per month. He stated that he had been in the same job for

four years and that he was earning the same amount in July of 2010, when the original child support order was entered. The property at 4700 Durazno is owned by Appellant and his wife. Half of the property is rented out, and Appellant keeps the rental money as his wages. Appellant testified that the business belongs to both him and his wife, but it had been transferred to her name four years ago. He and his wife had been separated since February 2010. He was living, as well as working, at 4700 Durazno, and was not paying any rent. Appellant's wife corroborated Appellant's testimony. No other evidence was presented.

The trial court denied the petition to modify. No request for findings of fact and conclusions of law was filed.

### *Discussion*

In two issues, Appellant asserts that the trial court erred and abused its discretion in refusing to modify his child-support obligation. A court may modify a child support order if the circumstances of the child or a person affected by the order have materially and substantially changed since the order was rendered. TEX.FAM.CODE ANN. § 156.401(a)(1)(A)(West Supp. 2011). The person seeking the modification has the burden of establishing a material and substantial change. *See Hodson v. Keiser*, 81 S.W.3d 363, 368 (Tex.App.--El Paso 2002, no pet.).

We review the trial court's decision for an abuse of discretion. *Id*. at 367. Because findings and conclusions were not requested, we assume that the trial court made all necessary findings to support its judgment, and we will affirm if the judgment can be upheld on any legal theory that is supported by the evidence. *Pedregon v. Sanchez*, 234 S.W.3d 90, 92 (Tex.App.--El Paso 2007, no pet.).

To determine whether a modification is warranted, a court must compare the financial circumstances of the affected party at the time the order was entered with his circumstances at the time the modification is sought. *Hammond v. Hammond*, 898 S.W.2d 406, 407-08 (Tex.App.--Fort Worth 1995, no writ). Appellant argues that his financial circumstances have materially and substantially changed because he only makes $800 gross per month, he is practically homeless since separating from his wife, and he cannot possibly pay $444 per month in child support from his wages. But Appellant does not point to any evidence showing that these circumstances are different from the circumstances that prevailed when the original order was entered. Indeed, all the evidence indicates that there has been no change in circumstances. Appellant and his wife were separated in July 2010 and he was earning $800 gross per month at the same job.

Appellant suggests that his child support obligation should be modified because it deviates from the child support guidelines. "A child support order that is not in compliance with the guidelines . . . does not in and of itself establish a material and substantial change in circumstances." *Lindsey v. Lindsey*, 965 S.W.2d 589, 593 (Tex.App.--El Paso 1998, no pet.). But a court may consider the guidelines in determining whether there has been a material and substantial change to warrant a modification. TEX.FAM.CODE ANN. § 156.402(a)(West 2008).

Appellant has not established that the original child support order deviated from the guidelines. In asserting that it does, Appellant uses the same multiplier, 16 percent, that was used when the child support obligation was originally established. Appellant, however, bases his calculation on $664, rather than the $2,777 in monthly net resources found by the trial court. We do not know what evidence was before the trial court when the original order was entered and therefore we do not know what types of resources the court considered in arriving at the $2,777

-3-

figure.  The evidence at the modification hearing focused solely on Appellant's wages, which had

not changed.  The trial court was not required to assume that Appellant had no other resources.

Appellant's two issues are overruled, and the order of the trial court is affirmed.


January 4, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)