Becker v. State



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS









IN THE INTEREST OF M.I.G.
§


 


§


 


§


 


§


 


§


 


 § 




No. 08-11-00080-CV


Appeal from the


383rd Judicial District Court

of El Paso County, Texas 

 

(TC# 2008AG7441)





O P I N I O N


 This is an appeal from the denial of a petition to modify a child-support obligation. We
affirm.

Factual and Procedural Background

 On July 13, 2010, the trial court entered an order establishing the parent-child
relationship. The order established that Appellant is the child's father, stated that his monthly net
resources were $2,777, and set his monthly child-support obligation at $444. Appellant did not
appeal this order. However, on September 22, 2010, less than a week after his motion for new
trial was denied, he filed a petition to modify. He asserted that his child-support payments
should be decreased because of a material and substantial change in circumstances since the
July 13th order.

 An evidentiary hearing was held on February 8, 2011. Appellant testified that he earns
$800 per month working for his wife at a business located at 4700 Durazno. After taxes and
other deductions, he takes home $664 per month. He stated that he had been in the same job for
four years and that he was earning the same amount in July of 2010, when the original child
support order was entered. The property at 4700 Durazno is owned by Appellant and his wife. 
Half of the property is rented out, and Appellant keeps the rental money as his wages. Appellant
testified that the business belongs to both him and his wife, but it had been transferred to her
name four years ago. He and his wife had been separated since February 2010. He was living, as
well as working, at 4700 Durazno, and was not paying any rent. Appellant's wife corroborated
Appellant's testimony. No other evidence was presented.

 The trial court denied the petition to modify. No request for findings of fact and
conclusions of law was filed.

Discussion

 In two issues, Appellant asserts that the trial court erred and abused its discretion in
refusing to modify his child-support obligation. A court may modify a child support order if the
circumstances of the child or a person affected by the order have materially and substantially
changed since the order was rendered. Tex.Fam.Code Ann. § 156.401(a)(1)(A)(West Supp.
2011). The person seeking the modification has the burden of establishing a material and
substantial change. See Hodson v. Keiser, 81 S.W.3d 363, 368 (Tex.App.--El Paso 2002, no
pet.).

 We review the trial court's decision for an abuse of discretion. Id. at 367. Because
findings and conclusions were not requested, we assume that the trial court made all necessary
findings to support its judgment, and we will affirm if the judgment can be upheld on any legal
theory that is supported by the evidence. Pedregon v. Sanchez, 234 S.W.3d 90, 92 (Tex.App.--El Paso 2007, no pet.).

 To determine whether a modification is warranted, a court must compare the financial
circumstances of the affected party at the time the order was entered with his circumstances at the
time the modification is sought. Hammond v. Hammond, 898 S.W.2d 406, 407-08 (Tex.App.--Fort Worth 1995, no writ). Appellant argues that his financial circumstances have materially and
substantially changed because he only makes $800 gross per month, he is practically homeless
since separating from his wife, and he cannot possibly pay $444 per month in child support from
his wages. But Appellant does not point to any evidence showing that these circumstances are
different from the circumstances that prevailed when the original order was entered. Indeed, all
the evidence indicates that there has been no change in circumstances. Appellant and his wife
were separated in July 2010 and he was earning $800 gross per month at the same job.

 Appellant suggests that his child support obligation should be modified because it 
deviates from the child support guidelines. "A child support order that is not in compliance with
the guidelines . . . does not in and of itself establish a material and substantial change in
circumstances." Lindsey v. Lindsey, 965 S.W.2d 589, 593 (Tex.App.--El Paso 1998, no pet.). 
But a court may consider the guidelines in determining whether there has been a material and
substantial change to warrant a modification. Tex.Fam.Code Ann. § 156.402(a)(West 2008).

 Appellant has not established that the original child support order deviated from the
guidelines. In asserting that it does, Appellant uses the same multiplier, 16 percent, that was
used when the child support obligation was originally established. Appellant, however, bases his
calculation on $664, rather than the $2,777 in monthly net resources found by the trial court. We
do not know what evidence was before the trial court when the original order was entered and
therefore we do not know what types of resources the court considered in arriving at the $2,777
figure. The evidence at the modification hearing focused solely on Appellant's wages, which had
not changed. The trial court was not required to assume that Appellant had no other resources.

 Appellant's two issues are overruled, and the order of the trial court is affirmed.




January 4, 2012

 CHRISTOPHER ANTCLIFF, Justice


Before McClure, C.J., Rivera, and Antcliff, JJ.


(Do Not Publish)