**Gerald James McCAIN, Jr., Appellant,**

v.

**Marion Hanlon McCAIN, Appellee.**

No. 2–97–321–CV.

Court of Appeals of Texas,
Fort Worth.

Sept. 24, 1998.

Rehearing Overruled Dec. 17, 1998.

Bourland, Kirkman, Seidler, Evans and David Evans, Fort Worth, Appellant.

Kerwin Stephens, Graham, for Appellee.

Before CAYCE, C.J., and LIVINGSTON and RICHARDS, JJ.

## OPINION

RICHARDS, Justice.

Appellant Gerald McCain appeals an order modifying a final divorce decree that increased his child support payments from $1250 to $2300 per month. He argues in five points that the trial court abused its discretion in finding that the circumstances of the children have materially and substantially changed since the signing of the final divorce decree and in increasing his child support payments.[1]

On March 7, 1997, appellee Marion McCain filed a motion to modify appellant's child support payments. The trial court ordered appellant to pay $2300 per month and made several factual findings including: the proven needs of the two children were $3835 per month, the proven financial needs of the children have substantially increased since the date of the final divorce decree, and the circumstances of the children have materially and substantially changed since the date of the final decree.

Appellant contends that the trial court erred by disregarding Section 154.126 of the Texas Family Code.[2] He argues that since there was no evidence of the proven needs of the children at the time of the divorce decree, the trial court could not find that these needs had materially and substantially changed. He also challenges the factual and legal sufficiency of the evidence to support the finding that the proven needs of the children are $3835 per month.

Appellant's reading of the statute would require appellee to establish that the needs of the children have increased since the date of the divorce decree. However, section 154.126 requires only that the court consider the income of the parties and the proven needs of the child. It does not require an *increase* in the proven needs of the child.

The trial court has the authority to modify a child support order if the circumstances of the child *or* a person affected by the order have materially and substantially changed since the date of the order. *See* TEX. FAM. CODE ANN. § 156.401(a) (Vernon 1996); *see also Hammond v. Hammond,* 898 S.W.2d 406, 407 (Tex.App.—Fort Worth 1995, no writ); *In re Pecht,* 874 S.W.2d 797, 800 (Tex. App.—Texarkana 1994, no writ). If the obligor's net resources exceed $6000 per month, the court may award additional support de-

---

1. Appellant phrases two of his points as challenging the factual and legal sufficiency of the evidence. However, legal and factual sufficiency are not independent grounds for review, but are only relevant factors in assessing whether the lower court abused its discretion. *See In re G.J.S.,* 940 S.W.2d 289, 293 (Tex.App.—San Antonio 1997, no writ); *D.R. v. J.A.R.,* 894 S.W.2d 91, 95 (Tex.App.—Fort Worth 1995, writ denied) (op. on reh'g).

2. If the obligor's net resources exceed $6,000 per month, the court shall presumptively apply the percentage guidelines to the first $6,000 of the obligor's net resources. Without further reference to the percentage recommended by these guidelines, the court may order additional amounts of child support as appropriate, depending on the income of the parties and the proven needs of the child. *See* TEX. FAM.CODE ANN. § 154.126(a) (Vernon 1996).

pending on the income of the parties and the proven needs of the child. *See* TEX. FAM. CODE ANN. § 154.126 (Vernon 1996); *see also Rodriguez v. Rodriguez*, 860 S.W.2d 414, 417 (Tex.1993); *Pecht*, 874 S.W.2d at 800; *Clark v. Jamison*, 874 S.W.2d 312, 318 (Tex.App.—Houston [14th Dist.] 1994, no writ).

A trial court has broad discretion in determining the amount of child support and whether the movant has met her burden of proof. *See Hammond*, 898 S.W.2d at 407. These determinations will not be overruled on appeal unless appellant shows a clear abuse of discretion. *See id.* "An abuse of discretion occurs when the trial court acts without reference to any guiding rules or principles; in other words, if the act was arbitrary or unreasonable." *Id.*

In this case, appellee, as managing conservator, was in the best position to explain the needs of the children. *See Scott v. Younts*, 926 S.W.2d 415, 421 (Tex.App.—Corpus Christi 1996). Appellee testified that the children's needs per month were $4241. The trial court is the sole judge of the credibility of witnesses and may decide whether to believe a particular witness. *See id.* (citations omitted).

The trial judge, in his findings of fact, rejected some of the "needs" of the children that appellee testified to by finding that the proven needs of the children were $3835 per month. Because the courts are given broad discretion to determine the needs of the children and because $2300 per month is less than 100% of these proven needs, and is within the calculations required by the Family Code, we cannot say that the court abused its discretion. *See Scott*, 926 S.W.2d at 422 (citing *Thomas v. Thomas*, 895 S.W.2d 895, 898 (Tex.App.—Waco 1995, writ denied)).

We overrule all five of appellant's points and affirm the trial court's judgment.