

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00266-CV

R.J.                                                                          APPELLANT

V.

K.J.                                                                          APPELLEE

----------

### FROM THE 393RD DISTRICT COURT OF DENTON COUNTY
### TRIAL COURT NO. 2013-61136-393

----------

## MEMORANDUM OPINION[1]

----------

This is an appeal from the essence of a trial court's finding that one parent in a divorce was intentionally unemployed or underemployed. And to this essential finding, the Appellant constructs four issues: (1) that there was no evidence or insufficient evidence to find the monies he received were gifts and not loans, (2) that the trial court abused its discretion by adding these monies to

---

[1]*See* Tex. R. App. P. 47.4.

his earned income capacity, (3) that there was no or insufficient evidence to find that he had the ability to be employed or that he was intentionally unemployed or underemployed, and (4) that the trial court abused its discretion by finding that he had the ability to earn $50,000 per year. We find no error and affirm the trial court's judgment.

## Background Facts

R.J. is the father and Appellant. K.J. is the mother and Appellee.[2] They are the parents of the two minor children of their marriage. The parties are natives of Pakistan. In 2005, Appellant was admitted into the United States as a temporary worker under a non-immigrant visa; Appellee was admitted as a non-immigrant dependent of Appellant.[3]

In August 2012, Appellant left his employment with his sponsoring employer, United Cellular. He testified that his employer had "revoked" his visa because of his claim of forced salary kickbacks to the employer and because of his lawsuit against the employer, but he concedes in his brief that his visa also expired. The record suggests that Appellant has been an overstay and out of any immigration status since the time he left United Cellular.

---

[2]To protect the identity of the parties' children, we identify the parties through initials. *See* Tex. Fam. Code Ann. § 109.002(d) (West 2014); Tex. R. App. P. 9.9(a)(3) (classifying the name of a minor child as sensitive data).

[3]The parties' first daughter was born in 2001 and came to the United States in 2005. Their second daughter was born in 2007.

On the maternal side of this divorce, Appellee was able to change her own non-immigrant status from that of a dependent to her own employer-sponsored temporary work visa. From the record before us, it appears that Appellee and the children had lawful immigration status at the time of trial but that Appellant was, in the best of immigration law scenarios, an overstay.

Appellant testified that his family in Pakistan had been supporting him and that as of March 2014, he had received more than $300,000 from them. He testified and argues that this money came from his father's, brother's, and sister's savings as loans, or at the very least, that his parents expected to be repaid. Appellant also provided a financial information statement in which he stated that he earned $1,695 each month from rental income but that his expenses were approximately $2,362 more than he earned each month.

The trial court found that Appellant was intentionally underemployed or unemployed and that he had the ability to earn $50,000 per year. The trial court also found that Appellant had received $10,000 each year as gifts from family members. In its Additional and Amended Findings of Fact and Conclusions of Law, the trial court stated that "[b]ecause of intentional unemployment or underemployment, the actual income of [Appellant] is significantly less than what [Appellant] could earn, [and] the Court finds that [Appellant's] net resources should be calculated as being $4,000.00 per month." Applying these figures to the child support guidelines for two children, the trial court ordered Appellant to pay $1,000 each month to Appellee for child support.

In July 2014, the trial court considered Appellant's Motion for Reconsideration of Ruling. He again urged that the $300,000 comprised loans from his family. The trial court denied the motion. Appellant brought this appeal.

**Standards of Review**

We may sustain a legal sufficiency challenge only when the record discloses a complete absence of evidence of a vital fact, the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, the evidence offered to prove a vital fact is no more than a mere scintilla, or the evidence establishes conclusively the opposite of a vital fact. *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998), *cert. denied*, 526 U.S. 1040 (1999). In determining whether there is legally sufficient evidence to support the finding under review, we must consider evidence favorable to the finding if a reasonable factfinder could and disregard evidence contrary to the finding unless a reasonable factfinder could not. *Cent. Ready Mix Concrete Co. v. Islas*, 228 S.W.3d 649, 651 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005). When reviewing an assertion that the evidence is factually insufficient to support a finding, we set aside the finding only if, after considering and weighing all of the evidence in the record pertinent to that finding, we determine that the credible evidence supporting the finding is so weak, or so contrary to the overwhelming weight of all the evidence, that the finding should be set aside and a new trial ordered. *Pool v. Ford Motor*

4

*Co.*, 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh'g); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965).

To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied*, 476 U.S. 1159 (1986). We grant the trial court every reasonable presumption in favor of a proper exercise of its discretion in matters related to child support. *Zetune v. Jafif-Zetune*, 774 S.W.2d 387, 390–91 (Tex. App.—Dallas 1989, writ denied), *cert. denied*, 498 U.S. 813 (1990).

**Analysis**

From the record, we find that the evidence is both legally and factually sufficient to support the trial court's findings. The trial court is accorded broad discretion in setting child support payments, and absent a clear abuse of discretion, the trial court's order will not be disturbed. *McCain v. McCain*, 980 S.W.2d 800, 802 (Tex. App.—Fort Worth 1998, no pet.); *see In re J.M.C.*, 395 S.W.3d 839, 844 (Tex. App.—Tyler 2013, no pet.). In determining whether the trial court abused its discretion, we must view the evidence in the light most favorable to the trial court's actions and indulge every legal presumption in favor of the judgment. *Tucker v. Tucker*, 908 S.W.2d 530, 532 (Tex. App.—San Antonio 1995, writ denied). If there is some probative and substantive evidence to support the judgment, the trial court did not abuse its discretion. *Id.*

Appellant's arguments seem to be that the monies he received from his family were loans, and not gifts, and that he is not voluntarily unemployed because it is not his fault that he is not a citizen or legal permanent resident or does not have employment authorization under his immigration status. However, the duty to support is not limited to a parent's ability to pay from current earnings but extends to his or her financial ability to pay from any and all sources that might be available. *See Goodson v. Castellanos*, 214 S.W.3d 741, 757 (Tex. App.—Austin 2007, pet. denied); *see also Finley v. Finley*, No. 02-11-00045-CV, 2015 WL 294012, at *5 (Tex. App.—Fort Worth Jan. 22, 2015, no pet.) (mem. op.) (explaining that a trial court was entitled to base its child support calculation on the gifts that a father "had received from his family and the proceeds of his financial aid *and private loans, which constitute resources*" (emphasis added)); *In re L.R.P.*, 98 S.W.3d 312, 315 (Tex. App.—Houston [1st Dist.] 2003, pet. dism'd) (holding that a scholarship qualified as a child-support resource). That is, a court may take a parent's earning potential from whatever sources into account when determining the amount of child support the parent must pay. *See* Tex. Fam. Code Ann. § 154.066 (West 2014); *Goodson*, 214 S.W.3d at 757. And while Appellant may not be legally eligible to work in the United States, it cannot be said that he can evade his support obligation by voluntarily remaining unemployed. *Eggemeyer v. Eggemeyer*, 535 S.W.2d 425, 427–28 (Tex. Civ. App.—Austin 1976), *aff'd*, 554 S.W.2d 137 (Tex. 1977). The trial court may apply support guidelines to the earning potential of the obligor if it determines

6

that the obligor consciously chooses to remain unemployed or underemployed; nothing in section 154.066 requires "further proof of the motive or purpose behind the unemployment or underemployment." *Iliff v. Iliff*, 339 S.W.3d 74, 80 (Tex. 2011).

Again, the trial court has broad discretion to consider Appellant's earning potential in determining how much child support he was to pay. *See* Tex. Fam. Code Ann. § 154.066. And absent a showing of a clear abuse of discretion, a trial court's orders arising from a suit affecting the parent/child relationship will not be disturbed on appeal. *McCain*, 980 S.W.2d at 802.

For the reasons expressed above and based on our review of the record, we hold that the evidence is legally and factually sufficient to support the challenged findings and that the trial court did not abuse its discretion. We overrule Appellant's issues.

## Conclusion

Having overruled Appellant's issues, we affirm the trial court's judgment.

/s/ David Wellington Chew

DAVID WELLINGTON CHEW
JUSTICE

PANEL: WALKER and MEIER, JJ.; DAVID WELLINGTON CHEW (Senior Justice, Retired, Sitting by Assignment).

DELIVERED: October 1, 2015

7