

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00019-CV

IN THE MATTER OF THE MARRIAGE OF THOMAS EUGENE VICK
AND DIANA LYNN VICK AND IN THE INTEREST OF
M.A.V. AND L.L.V., CHILDREN

On Appeal from the 12th District Court
Walker County, Texas
Trial Court No. 14800, Honorable Donald Kraemer, Presiding

November 3, 2016

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appearing pro se, appellant Diana Lynn Vick (wife) appeals from a decree of divorce dissolving her marriage to appellee Thomas Eugene Vick (husband). She presents six issues dealing with child support, conservatorship, and property division. We will sustain wife's issue challenging the amount of child support she was ordered to pay husband and remand the case to the trial court for the limited purpose of making a correct child-support order. Otherwise, we will affirm the trial court's judgment.

## Background

Husband and wife were married in 1981 and ceased living together in May 2010. Husband filed for divorce in August 2010. Temporary orders rendered in October 2010 placed the couple's two minor daughters with husband and ordered wife to make temporary child-support payments. Wife also was ordered to vacate the family's residence.

The case in the trial court consumed over four and one-half years and saw multiple hearings producing a sixteen-volume reporter's record. A two-day bench trial was conducted in December 2011. The trial court did not make a decision on property division, however, and that issue was later referred to a special master. The parties appeared before the special master during May 2013. An agreement was not reached so the special master submitted recommendations to the trial court in August 2013. Wife objected to the special master's report, apparently because it did not place a value on each item of property. A final decree of divorce was signed on September 26, 2014. The trial court then modified the decree twice during the period of its plenary jurisdiction. Wife appealed. On her motion, we abated the appeal and remanded the case to the trial court for preparation of findings of fact and conclusions of law.[1]

## Analysis

In a suit affecting the parent-child relationship and when the court divides the marital estate, absent proof of a clear abuse of discretion, a trial court's orders will not be disturbed on appeal. *R.J. v. K.J.,* No. 02-14-00266-CV, 2015 Tex. App. LEXIS

---

[1] *In re Marriage of Vick,* No. 07-15-00019-CV, 2015 Tex. App. LEXIS 4209 (Tex. App.—Amarillo Apr. 23, 2015, per curiam order).

10212, at *7 (Tex. App.—Fort Worth Oct. 1, 2015, no pet.) (mem. op.) (citing *McCain v. McCain,* 980 S.W.2d 800, 802 (Tex. App.—Fort Worth 1998, no pet.)); *Marin v. Marin,* No. 14-13-00749-CV, 2016 Tex. App. LEXIS 3178, at *3-4 (Tex. App.—Houston [14th Dist.] Mar. 29, 2016, no pet.) (mem. op.) (stating court of appeals reviews division of marital property for abuse of discretion). The test is whether the trial court acted arbitrarily, unreasonably or without reference to guiding rules or principles. *McLane v. McLane,* 263 S.W.3d 358, 362 (Tex. App.—Houston [1st Dist.] 2008, pet. denied), *disapproved on other grounds, Iliff v. Iliff,* 339 S.W.3d 74, 83 (Tex. 2011). We review the evidence in the light most favorable to the trial court's actions and indulge every legal presumption in favor of the order. *Id.* There is no abuse of discretion as long as the trial court's decision is based on some evidence of a substantive and probative character. *Brejon v. Johnson,* 314 S.W.3d 26, 29 (Tex. App.—Houston [1st Dist.] 2009, no pet.); *Holley v. Holley,* 864 S.W.2d 703, 706 (Tex. App.—Houston [1st Dist.] 1993, writ denied). "An abuse of discretion does not exist where the trial court bases its decisions on conflicting evidence." *Gen. Tire, Inc. v. Kepple,* 970 S.W.2d 520, 526 (Tex. 1998) (quoting *Davis v. Huey,* 571 S.W.2d 859, 862 (Tex. 1978)).

When property division is at issue the overarching question is whether the trial court divided the property in a "just and right" manner. *Rafferty v. Finstad,* 903 S.W.2d 374, 376 (Tex. App.—Houston [1st Dist.] 1995, writ denied); Tex. Fam. Code Ann. § 7.001 (West 2006) (A trial court must make a "just and right" division of community property with "due regard for the rights of each party"). The property division need not be equal but it must be equitable. *Chafino v. Chafino,* 228 S.W.3d 467, 473 (Tex. App.—El Paso 2007, no pet.). Generally, community assets are valued as of the date

3

of divorce or as near that date as possible. *Finley v. Finley,* No. 02-11-00045-CV, 2015 Tex. App. LEXIS 577, at *32-33 (Tex. App.—Fort Worth Jan. 22, 2015, no pet.) (mem. op.) (citing *Quijano v. Quijano,* 347 S.W.3d 345, 349 (Tex. App.—Houston [14th Dist.] 2011, no pet.)). It is also true, however, that the facts of a case may require another basis for the property division with that decision left to the trial court's discretion. *Id.* (citing *Parker v. Parker,* 897 S.W.2d 918, 932 (Tex. App.—Fort Worth 1995, writ denied)); *In re Marriage of Hammett,* No. 05-14-00613-CV, 2016 Tex. App. LEXIS 5783, at *11 (Tex. App.—Dallas June 1, 2016, no pet.) (mem. op.) (citing *Finley*).

To obtain reversal of a trial court's valuation of property, the complaining party must show that because of the asserted error the overall property division was manifestly unjust. *Cook v. Cook,* 679 S.W.2d 581, 585 (Tex. App.—San Antonio 1984, no writ). We will not reverse an order setting child support unless the complaining party demonstrates the trial court clearly abused its discretion. *In re J.M.W.,* 470 S.W.3d 544, 549 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (citing *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex. 1990) (per curiam); *In re A.M.P.,* 368 S.W.3d 842, 846 (Tex. App.—Houston [14th Dist.] 2012, no pet.)).

Valuation of Annuity

In her first issue, wife argues the trial court abused its discretion and in so doing reversibly erred by using the date of the proceedings before the special master, rather than the date of divorce, for the purpose of valuing a qualified annuity.

Husband and wife each listed, in their proposed divisions of property, a Variflex qualified annuity as a community asset. Retirement contributions made by husband's

4

former employer apparently were invested in the annuity. The decree awarded wife "45% of Variflex Qualified Annuity 5326 as of May 16, 2013." Similar language awarded husband fifty-five percent of the annuity, "as of" the same date.

The record of trial court proceedings includes the special master's written recommendation, and shows the master recommended the 45/55 percentage division. We have no record, however, of the proceedings before the special master. And the record otherwise contains little information about the annuity. We have neither the annuity contract nor a summary of its terms. In a motion for new trial, wife made reference to an "accumulation" of assets in the annuity between the May 2013 date of valuation and the date of divorce.[2] The record does not reflect how such an asserted accumulation occurred. Nor is the amount of the accumulation or its impact on the property division shown.

In sum, wife has not demonstrated how, by selecting the May 2013 date rather than the date of divorce, the trial court abused its discretion. Moreover, even had error been shown wife does not demonstrate how she was harmed. TEX. R. APP. P. 44.1(a) (error must have probably caused the rendition of an improper judgment or probably prevented the appellant from properly presenting the case to the court of appeals). Wife's first issue is overruled.

---

[2] Wife's brief in this court refers to the "increased value of the annuity" over the sixteen months between the May 2013 date and the date of divorce.

Geographic Restriction

In her second issue wife argues the trial court abused its discretion and reversibly erred by failing to establish a geographic restriction for the minor children's residence.[3] The decree appointed the parents joint managing conservators of the children and ordered that husband have the exclusive right to designate their primary residence. Unlike the temporary orders, the designation does not contain a geographic restriction.

Wife's argument supporting her second issue appears to contend the court abused its discretion by failing either to establish a geographic restriction or, as the Family Code requires, "specify that the conservator may determine the child's primary residence without regard to geographic location." *See* TEX. FAM. CODE ANN. § 153.134(b)(1)(A),(B) (West 2014). The court's decree does not contain the phrase "without regard to geographic location," but we think the decree is clear that no geographic restriction was ordered.

It may be, however, that wife's issue is intended to argue merely that the court erred by its failure to impose a geographic restriction. The best interest of the child is always the primary consideration of the court when determining the issues of conservatorship, and possession of and access to children. TEX. FAMILY CODE ANN. § 153.002 (West 2014). Wife's argument does not address the child's best interest, but focuses on wife's best interest. *See Bukovich v. Bukovich*, 399 S.W.2d 528, 529 (Tex.

---

[3] One of the two children is now age twenty and apparently serving in the military. Wife's second issue thus concerns only the best interest of the younger child, now age sixteen.

1966) ("The desires, acts and claims of the respective parents are secondary considerations and material only as they bear upon the question of the best interest of the child"). She presents no persuasive reason the court abused its discretion by its decision not to order a geographic restriction. Wife's second issue is overruled.

Child Support Credit

Wife's third issue appears to center on a claim that the parties reached an agreement at a hearing to allow wife a $10,800 child-support credit. The credit, wife urges, was not included in the decree.

The reporter's record from a January 14, 2013 hearing contains a Rule 11[4] agreement the terms of which, relevant to this issue, provided that husband could take a judgment against wife for a $7,425 child-support arrearage. As noted, we have no record of proceedings before the special master but the clerk's record contains the special master's report. Therein the special master presented a recommended division of the community property as well as a provision that wife "will receive a credit for $10,800 for child support as part of this division of property." The decree appears to follow the special master's recommended property division but it does not mention the child-support credit. In a finding of fact, the trial court stated husband and wife were "entitled to a relatively equal division of the marital estate." The trial court may have adopted the special master's recommendation, thereby granting the child-support credit. Husband's counsel argued that was the case, at a January 12, 2015 hearing. But it may also be true that the trial court adopted the recommended property division without

---

[4] TEX. R. CIV. P. 11.

7

granting the support credit. In either instance, the record would not permit us to conclude the court abused its discretion. Wife's third issue is overruled.

Amount of Child Support

In her fourth issue, wife contends the trial court abused its discretion by fixing the amount of her monthly child-support obligation in the decree at $1,091.71 when the record does not support such an order. We agree.

Under an abuse-of-discretion standard, legal and factual evidentiary insufficiency are not independent grounds of error, but are instead relevant factors to assess whether the trial court abused its discretion. *Henry v. Henry,* 48 S.W.3d 468, 475 (Tex. App.—Houston [14th Dist.] 2001, no pet.). A trial court abuses its discretion by ruling without supporting evidence. *Ford Motor Co. v. Garcia,* 363 S.W.3d 573, 578 (Tex. 2012).

In its findings of fact, the court stated the parties agreed to the amount of child support provided in the decree. Wife challenges the finding.

At a September 2011 temporary orders hearing, wife agreed to pay $1,091.71 as temporary child support pending trial. Before the presentation of evidence at the December 2011 bench trial, the court inquired about support agreements. Counsel for husband and wife each responded that no such agreements had been reached. Husband testified he sought a child-support order based on statutory guidelines. Wife offered evidence of income for purposes of the net-resources calculation to determine the amount of child support. The amount of adjusted income she presented was $3,226.79, resulting in a monthly support obligation for two children, according to her calculation, of $806.70. *See* TEX. FAM. CODE ANN. § 154.125(b) (West Supp. 2016)

8

(containing schedule which court shall presumptively apply in rendering the child-support order). Other evidence in the record could support other amounts.

Husband does not direct us to, nor do we find, evidence from trial of an agreement whereby wife bound herself to pay child support of $1,091.71 on divorce. We find no evidence supporting the trial court's finding that the parties agreed to the $1,091.71 amount stated in the decree. As an agreed amount, the figure has no evidentiary support. Accordingly, and based on its finding of fact, the trial court abused its discretion by setting wife's monthly child-support obligation at $1,091.71.

Wife presented some evidence supporting a monthly obligation of $806.70 but other evidence might lead to a different amount. Because the difference between $1,091.71 and the other amounts having evidentiary support is not de minimis the error is not harmless. We sustain issue four and will remand the case in part for recalculation of wife's child-support obligation.

Trial De Novo of Special Master's Recommendation

Wife's fifth issue is multifarious.[5] To the extent we are able, we will consider it. Wife seems to complain of the trial court's denial of a trial de novo following her objection to the special master's recommended division of property.[6]

---

[5] A multifarious issue addresses more than one specific ground of error. *Shull v. United Parcel Service,* 4 S.W.3d 46, 51 (Tex. App.—San Antonio 1999, pet. denied). A court may refuse to review a multifarious issue or it may consider the issue if it is able, with reasonable certainty, to determine the complained-of error. *Id.*

[6] Although appearing *pro se* and not a licensed attorney, wife is held to the same standards of appellate presentation as a licensed attorney. *See, e.g., Page v. State Farm Lloyds,* No. 10-12-00317-CV, 2013 Tex. App. LEXIS 14779, at *12-13 n.2 (Tex.

A January 2013 order of the trial court indicated the parties agreed to appointment of a special master for property division. The trial court ordered the special master to "resolve the matter of the property division of the parties." The order further provided, "In the event the Special Master is unable to obtain an agreement of the parties, the Special Master is authorized and ordered to provide a recommendation to the Court regarding said issue."

In August 2013, the special master filed her recommendation. It stated the parties were unable to reach an agreement. The recommendation continued with an item-by-item property division, but the special master did not state a value for each item of property. Wife filed an amended motion to set aside the special master's recommendation. She argued the court ordered the property equally divided but the special master awarded husband a disproportionate share by value.

Wife raises no objection on appeal to the court's appointment of the special master. *See Simpson v. Canales*, 806 S.W.2d 802, 811 (Tex. 1991) (orig. proceeding) (noting if parties consent, the referral to a master "will ordinarily not be subject to challenge"). And, for several reasons, we find the record does not support wife's contention the trial court erred by failing to grant her a trial de novo when she objected to the master's recommendation.

We note at the outset that wife relies on appeal on cases addressing masters in chancery under Rule of Civil Procedure 171. *See, e.g., Young v. Young,* 854 S.W.2d

App.—Waco Dec. 5, 2013, pet. denied) (mem. op.) (explaining that in Texas pro se litigants "are held to the same standards as licensed attorneys with regard to compliance with applicable laws and rules of procedure").

698, 700-701 (Tex. App.—Dallas 1993, writ denied). The report of a master appointed under rule 171 is said to be conclusive "on all issues except those specifically objected to." *Id.* at 701. To the extent objected to, the report is not binding. Issues of fact raised by the objections are to be tried de novo. *Id.* The special master here was not appointed pursuant to rule 171, but by agreement of the parties. The court's order did not track the language of rule 171. *See id.* at 701; *Martin v. Martin,* 797 S.W.2d 347, 350 (Tex. App.—Texarkana 1990, no writ). Under the language of the court's order here, the master's recommendation was not binding in the same manner as those under rule 171.

Nor do we read the court's order to assign the master the task of determining the values of community assets. The case was tried to the bench in December 2011, and contested facts were submitted to the trial court during the bench trial. The parties hotly contested the property division yet at trial presented nothing more than their own widely-divergent proposed divisions.

Finally, even if we were to find error in the trial court's denial of a trial de novo on valuation issues, we have no record of what additional evidence wife would have offered had the trial court conducted a second evidentiary trial on property division. We can see no merit to wife's argument that she should have had a new trial simply because she objected to the special master's recommendations.

With less clarity it appears wife further contends the trial court abused its discretion by adopting the property division recommended by the special master; wife asserts the court "plagiarized" the master's recommendation. As noted, in its findings of

fact, the trial court stated that wife and husband were entitled to "a relatively equal division of the marital estate." Wife has not demonstrated that the division contained in the decree failed to accomplish the court's intentions, nor has she shown how the trial court otherwise abused its discretion by following the master's recommended division. On this record, we cannot say that the trial court abused its discretion in dividing the community estate. Wife's fifth issue is overruled.

Denial of New Trial

By her sixth issue, wife argues the trial court abused its discretion by denying her motion for new trial heard in November 2014. Her argument centers on a contention the trial court failed to properly consider the best interest of the children in its determination of conservatorship and possession. At the November hearing, the court addressed wife's motion for new trial filed October 23, 2014. That motion states, without further elaboration, "the circumstances of the children [made the, basis] of this suit have changed significantly and neither the Parenting Plan nor the child support ordered reflect the current state of affairs." The court denied the motion by written order. Thereafter, still during the period of its plenary power, the court twice modified its judgment. Wife filed a motion for new trial following each modification. Her final motion for new trial was filed February 13, 2015. In that motion, wife did not assert the best-interest argument she now makes on appeal. Accordingly the issue is not preserved for our review. TEX. R. APP. P. 33.1(a). Moreover, the relief wife seeks under this issue depends on our consideration of facts that do not appear in the evidentiary record. We are prohibited from considering such evidence. *See, e.g., Sabine Offshore Serv., Inc. v. City of Port Arthur,* 595 S.W.2d 840, 841 (Tex. 1979) (per curiam) (noting that courts of

appeals may not consider affidavits outside the record); *In re Marriage of Hernandez,* No. 10-09-00136-CV, 2011 Tex. App. LEXIS 6441, at *10-11, n.3 (Tex. App.—Waco Aug. 10, 2011, no pet.) (mem. op.) (court could not consider exhibits presented on appeal which were not part of the appellate record). For those reasons, wife's sixth issue is overruled.

## Conclusion

We reverse the part of the judgment of the trial court that set the child-support obligation of wife at the amount of $1,091.71 per month, and remand the cause to the trial court for a new trial on the proper amount of child support. Otherwise, the judgment of the trial court is affirmed.

James T. Campbell
Justice